# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

---

**JOHN ALLEN,**
**PETER BIRCHENOUGH,**
**SUSAN GOLLIHEAIR,** *et al.*,
on behalf of themselves and all others
similarly situated,

**Plaintiffs,**

**vs.**

**SOUTHWEST AIRLINES CO.**
a Texas Corporation.



**Defendant.**

---

**Case No.**

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiffs, JOHN ALLEN ("Lead Plaintiff Allen"), PETER BIRCHENOUGH ("Lead Plaintiff Birchenough"), and SUSAN GOLLIHEAIR ("Lead Plaintiff Golliheair"), and 122 other plaintiffs[1] (collectively, the "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through undersigned counsel, files this Class Action Complaint against Southwest Airlines Co. ("SWA" or "Defendant"), and states as follows:

---

[1] The remaining 122 plaintiffs have consented to designate John Allen, Peter Birchenough, and Susan Golliheair as Lead Plaintiffs.

**INTRODUCTION**

1.     Plaintiffs comprise a group of current and former pilots and flight attendants, of SWA, each of whom were subject to Defendant's COVID-19 discriminatory and retaliatory policies and practices.

2.     Plaintiffs herein allege that SWA's COVID-19 policies and practices were unlawful because they discriminated against them based on their sincerely held religious beliefs and/or medical/disability status.

3.     Plaintiffs further allege that they were subjected to a pattern of discrimination and retaliation after exercising their opposition to SWA's COVID-19 policies and seeking exemption from and/or accommodations from SWA's COVID-19 policies and practices, including mandatory COVID-19 vaccinations, based on sincerely held religious beliefs and/or medical/disability status.

4.     SWA violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq* ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") by failing to engage in individualized interactive processes with the Plaintiffs regarding their requested reasonable accommodations, by treating Plaintiffs, who sought exemption from and/or accommodations from SWA's COVID-19 policies and practices based on sincerely held religious beliefs and/or medical/disability status, differently with respect to the terms and conditions of

employment than those similarly situated employees who were vaccinated, and by retaliating against employees who engaged in protected activity.

5.     There is no business justification for the actions of SWA to discriminate or retaliate against the Plaintiffs, to fail to engage in the interactive processes, or to deny their reasonable accommodations under Title VII or the ADA.

6.     Accordingly, Plaintiffs file the instant action against Defendant for discrimination (both disparate treatment and disparate impact) and retaliation under Title VII and the ADA.

7.     Plaintiffs seek to certify two separate classes, as later defined herein, with the first class being asserted on the basis of discrimination and retaliation under Title VII and the second class being asserted on the basis of discrimination and retaliation under the ADA.

8.     Plaintiffs seek all available remedies under the law, including but not limited to injunctive and declaratory relief, compensatory damages, punitive damages, and reasonable attorney's fee and costs.

## **JURISDICTION**

9.     This action arises under federal statutes Title VII and the ADA.

10.     This Court has original jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1337, and 1343.

11.     This court has personal jurisdiction over Defendant because under *International Shoe* and its progeny, Defendant maintain minimum contacts with the state of Florida such that traditional notions of fair play and substantial justice would not be offended by the exercise of jurisdiction. In addition, personal jurisdiction is appropriate under Florida's long-arm statute, § 48.193.

12.     Defendant SWA engaged in unlawful acts regarding COVID-19 policies through acts within the state of Florida as well as acts outside the state of Florida that caused harm to numerous plaintiffs in the state of Florida.

13.     This Court is authorized to grant Plaintiff's prayer for relief regarding damages pursuant to Rule 54 of the Federal Rules of Civil Procedure.

## **VENUE**

14.     The venue of this Court over this controversy is proper based upon 28 U.S.C. § 1391(b)(2) and (d).  Specifically, a part of the events or omissions which transpired occurred within Orange County, Florida, which is within this Court's judicial district.  Moreover, Defendant SWA utilizes Orlando as a major point-to-point focus location at the Orlando International Airport, within Orange County, Florida for their airline operations.

4

15.     Pursuant to 42 U.S.C. § 2000e-5(f)(3), two (2) of the Lead Plaintiffs and twelve (12) of the remaining Plaintiffs reside in Florida and many of those fourteen (14) plaintiffs work in this judicial district at SWA's major point-to-point focus location at the Orlando International Airport.

16.     The remaining Plaintiffs who do not reside in Florida properly have venue in this district pursuant to 42 U.S.C. §2000e-5(f)(3) because at least some of the unlawful employment practice is alleged to have been committed in this district.

## THE PARTIES

### A. Lead Plaintiffs

17.     Lead Plaintiff Allen is a citizen and resident of Florida and county of Orange. He is a current employee and a pilot for SWA.

a. Plaintiff Allen was discriminated against after exercising his sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Allen's sincerely held religious beliefs prevent him from taking the COVID-19 vaccine. Therefore, Plaintiff Allen requested a religious exemption from SWA's COVID-19 policies.

c. Despite his religious exemption request being granted, Plaintiff

Allen was treated differently than others without sincerely held religious beliefs preventing him from getting the vaccine.

d. For instance, on or around December 31, 2021, Plaintiff Allen was removed from his upcoming flight and forced to quarantine due to an alleged COVID-19 exposure.

e. If Plaintiff Allen did not have a sincerely held religious belief preventing him from taking the vaccine, he would have been permitted to work the trip and earn income including any applicable incentive pay.

f. In response to the discriminatory policies SWA enacted, on or about November 14, Lead Plaintiff Allen timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Lead Plaintiff Allen's charge is attached hereto in **Composite Exhibit A.**

g. Lead Plaintiff Allen received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Lead Plaintiff Allen's Right to Sue is attached hereto in **Composite Exhibit B**.

h. Lead Plaintiff Allen has exhausted his administrative remedies.

18.    Lead Plaintiff Birchenough is a citizen and resident of Illinois and

county of St. Clair. He is a current employee and pilot for SWA.

 a. Plaintiff Birchenough was discriminated against after exercising his sincerely held religious beliefs by objecting to the COVID-19 vaccine.

 b. Plaintiff Birchenough's sincerely held religious beliefs prevent him from taking the COVID-19 vaccine. Therefore, Plaintiff Birchenough requested a religious exemption from SWA's COVID-19 policies.

 c. Despite his religious exemption request being granted on November 23, 2021, Plaintiff was treated differently than others without sincerely held religious beliefs preventing him from getting the vaccine.

 d. For instance, on or around December 21, 2021, Plaintiff Birchenough was removed from his upcoming flight and forced to quarantine due to an alleged COVID-19 exposure.

 e. If Plaintiff Birchenough did not have a sincerely held religious belief preventing him from taking the vaccine, he would have been permitted to work the trip and earn income including any applicable incentive pay. He also was unable to pick up additional trips and earn income during the quarantine period.

f. In response, on or about November 14, Plaintiff Birchenough timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Lead Plaintiff Birchenough's charge is attached hereto in **Composite Exhibit A.**

g. Plaintiff Birchenough received a Right to Sue from the EEOC on or about January 18, 2023. A copy of Lead Plaintiff Birchenough's Right to Sue is attached hereto in **Composite Exhibit B**.

h. Plaintiff Birchenough has exhausted his administrative remedies.

19. Lead Plaintiff Golliheair is a citizen and resident of the state of Florida and county of Orange. She is a current employee and flight attendant for SWA.

a. Plaintiff Golliheair was discriminated against after exercising his sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Golliheair's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Golliheair requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted, Plaintiff was treated differently than others without sincerely held religious

8

beliefs preventing him from getting the vaccine.

d. For instance, on or around December 25, 2021, Plaintiff Golliheair contracted COVID-19. Due to her sincerely held religious beliefs that prevent her from getting the vaccine, Plaintiff Golliheair was not paid for her quarantine when other employees without sincerely held religious beliefs who were able to get the vaccine were paid if required to quarantine.

e. In response, on or about November 14, 2022, Plaintiff Golliheair timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Lead Plaintiff Golliheair's charge is attached hereto in **Composite Exhibit A.**

f. Lead Plaintiff Golliheair received a Right to Sue from the EEOC on or about January 17, 2023. A copy of Lead Plaintiff Golliheair's Right to Sue is attached hereto in **Composite Exhibit B**.

g. Lead Plaintiff Golliheair has exhausted her administrative remedies.

**B. Other Plaintiffs to this Action**

20.    Plaintiff Deborah Aylor is a citizen and resident of the state of Texas

9

and county of Brazoria. She is a current employee and a flight attendant for SWA.

    a. Plaintiff Aylor was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

    b. Plaintiff Aylor's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Aylor requested a religious exemption from SWA's COVID-19 policies.

    c. Despite her religious exemption request being granted on November 30, 2021, Plaintiff was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

    d. For instance, on or around December 28, 2021, after receiving multiple harassing texts and calls from SWA, Plaintiff Aylor was removed from her upcoming flight and forced to quarantine due to an alleged COVID-19 exposure despite being recently exposed. She also was unable to pick up additional trips and earn income during the quarantine period.

    e. If Plaintiff Aylor did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been

permitted to work the trip and earn income including any applicable incentive pay.

f.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Aylor timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Aylor's charge is attached hereto in **Composite Exhibit A.**

g.  Plaintiff Aylor received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Aylor's Right to Sue is attached hereto in **Composite Exhibit B**.

h.  Plaintiff Aylor has exhausted her administrative remedies.

21.  Dominique Bailey is a citizen and resident of the state of South Carolina and county of Aiken. Plaintiff Bailey is a current employee and a flight attendant for SWA.

a.  Plaintiff Bailey was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b.  Plaintiff Bailey's sincerely held religious beliefs prevent him from taking the COVID-19 vaccine; therefore, she qualified for an

11

exemption from SWA's COVID-19 policy. However, in expressing her sincerely held religious beliefs and objecting to behavior that violates her sincerely held religious beliefs, Plaintiff Bailey did not file for a religious exemption.

c. Despite not filing an exemption, Plaintiff Bailey believed she would be treated the same as those without sincerely held religious beliefs. This was not the case and Plaintiff Bailey was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, after flying a trip with another flight attendant, Plaintiff Bailey received unsolicited text messages in which she was blamed for another flight attendant contracting COVID-19. The texts included gruesome photos of a bloody tissue and accusations stating "I believe you are a bad human," "[i]t's YOUR fault. I blame you what a selfish person. I got very sick for knowing you. Sleep with that."

e. SWA allowed hateful rhetoric demonstrated above to disseminate amongst employees in which vaccinated employees without sincerely held religious beliefs were ostracizing and alienating

employees with sincerely held religious beliefs who could not take the vaccine.

f. In response to the discriminatory policies SWA enacted, on or about November 14, Plaintiff Bailey timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Bailey's charge is attached hereto in **Composite Exhibit A.**

g. Plaintiff Bailey received a Right to Sue from the EEOC on or about January 18, 2023. A copy of Plaintiff Bailey's Right to Sue is attached hereto in **Composite Exhibit B**.

h. Plaintiff Bailey has exhausted her administrative remedies.

22.    Lori Ballinger is a citizen and resident of the state of Arizona and county of Maricopa. She is a current employee and a flight attendant for SWA.

a. Plaintiff Ballinger was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Ballinger's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Baylor requested a religious exemption from SWA's COVID-19 policies.

13

c. Despite her religious exemption request being granted on November 15, 2021, Plaintiff was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around January 7, 2022 Plaintiff Ballinger was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period. If Plaintiff Ballinger did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

e. As an example, the "C" flight attendant on her trip was permitted to continue flying with pay and was only instructed to monitor for symptoms.

f. Plaintiff Ballinger had previously reached out to SWA leaders with questions regarding her religious objections interplaying with SWA's COVID-19 policies, but she was only told to ready company policies in response.

14

g.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Ballinger timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Ballinger's charge is attached hereto in **Composite Exhibit A.**

h.  Plaintiff Ballinger received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Ballinger's Right to Sue is attached hereto in **Composite Exhibit B**.

i.  Plaintiff Ballinger has exhausted her administrative remedies.

23.   Sierra Bernier is a citizen and resident of the state of Colorado and county of La Plata. She is a current employee and a flight attendant for SWA.

a.  Plaintiff Bernier was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b.  Plaintiff Bernier's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine; therefore, she qualified for an exemption from SWA's COVID-19 policy. However, in expressing her sincerely held religious beliefs and objecting to behavior that violates her sincerely held religious beliefs, Plaintiff Bernier did

not file for a religious exemption.

c.  Despite not filing an exemption, Plaintiff Bernier believed she would be treated the same as those without sincerely held religious beliefs. This was not the case and Plaintiff Bailey was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d.  For instance, on or around December 28, 2021, Plaintiff Bernier was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period. If Plaintiff Bernier did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

e.  As an example, a colleague and flight attendant of Plaintiff Bernier was permitted to continue flying with pay and was only instructed to monitor for symptoms after a similar COVID-19 exposure.

f.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Bernier timely filed a charge of

16

discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Bernier's charge is attached hereto in **Composite Exhibit A.**

g. Plaintiff Bernier received a Right to Sue from the EEOC on or about January 18, 2023. A copy of Plaintiff Bernier's Right to Sue is attached hereto in **Composite Exhibit B**.

h. Plaintiff Bernier has exhausted her administrative remedies.

24. Brooke Bianchi is a citizen and resident of the state of Arizona and county of Maricopa. She is a current employee and a flight attendant for SWA.

a. Plaintiff Bianchi was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Bianchi's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Bianchi requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on December 16, 2021, Plaintiff was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d.  For instance, on or around December 21, 2021 Plaintiff Bianchi was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period. If Plaintiff Bianchi did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

e.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Bianchi timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Bianchi's charge is attached hereto in **Composite Exhibit A.**

f.  Plaintiff Bianchi received a Right to Sue from the EEOC on or about January 18, 2023. A copy of Plaintiff Bianchi's Right to Sue is attached hereto in **Composite Exhibit B**.

g.  Plaintiff Bianchi has exhausted her administrative remedies.

25.    Sherri Lynn Bodnoff is a citizen and resident of the state of Kentucky and county of Boone. She is a current employee and a flight attendant for SWA.

a. Plaintiff Bodnoff was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Bodnoff's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Bodnoff requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on November 10, 2021, Plaintiff was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around January 3, 2022 Plaintiff Bodnoff was removed from her upcoming flights and forced to quarantine after she informed SWA of a potential COVID-19 exposure. She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Bodnoff did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

19

    f.   Additionally, Plaintiff Bodnoff suffered discipline in retaliation for her sincerely held religious beliefs. On a flight, Plaintiff Bodnoff briefly removed their mask to drink, which is permitted. Despite following protocol, Plaintiff Bodnoff's record reflects a disciplinary action from the incident.

    g.   In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Bodnoff timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Bodnoff's charge is attached hereto in **Composite Exhibit A.**

    h.   Plaintiff Bodnoff received a Right to Sue from the EEOC on or about January 18, 2023. A copy of Plaintiff Bodnoff's Right to Sue is attached hereto in **Composite Exhibit B**.

    i.   Plaintiff Bodnoff has exhausted her administrative remedies.

26.    Penny Boston is a citizen and resident of the state of Florida and county of Manatee. She is a current employee and a flight attendant for SWA.

    a.   Plaintiff Boston was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Boston's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Boston requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on November 23, 2021, Plaintiff was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around December 21, 2021, Plaintiff Ballinger was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period. If Plaintiff Ballinger did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

e. As an example, other flight attendants on Plaintiff Boston's exact trip were permitted to continue flying with pay and were only instructed to monitor for symptoms because they did not have sincerely held religious beliefs preventing them from getting the

vaccine.

    f.   In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Boston timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Boston's charge is attached hereto in **Composite Exhibit A.**

    g.   Plaintiff Boston received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Boston's Right to Sue is attached hereto in **Composite Exhibit B**.

    h.   Plaintiff Boston has exhausted her administrative remedies.

27.    Katherine "Kay" Bradley is a citizen and resident of the state of Texas and county of Denton. She is a current employee and a flight attendant for SWA.

    a.   Plaintiff Bradley was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

    b.   Plaintiff Bradley's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Bradley requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on December 15, 2021, Plaintiff Bradley was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around December 31, 2021, Plaintiff Bradley was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure. She also was unable to pick up additional trips and earn income during the quarantine period. If Plaintiff Ballinger did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

e. Additionally, Plaintiff Bradley overheard her supervisor calling her a "threat" based on her sincerely held religious beliefs that prevent her from getting the vaccine.

f. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Bradley timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Bradley's

charge is attached hereto in **Composite Exhibit A.**

g.  Plaintiff Bradley received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Bradley's Right to Sue is attached hereto in **Composite Exhibit B**.

h.  Plaintiff Bradley has exhausted her administrative remedies.

28.  Bonnie Brandon is a citizen and resident of the state of Idaho and county of Twin Falls. She is a current employee and a flight attendant for SWA.

a.  Plaintiff Brandon was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b.  Plaintiff Brandon's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Brandon requested a religious exemption from SWA's COVID-19 policies.

c.  Despite her religious exemption request being granted on December 6, 2021, Plaintiff Brandon was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on numerous occasions during flights, Plaintiff

Brandon was the target of hostility in the workplace from other flight attendants who did not have sincerely held religious beliefs preventing them from getting the vaccine.

e. Due to the immense stress and anxiety of the working environment, along with knowing that she could be removed from her trips at any moment due to her religious beliefs, Plaintiff Brandon was essentially forced into an involuntary leave of absence.

f. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Brandon timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Brandon's charge is attached hereto in **Composite Exhibit A.**

g. Plaintiff Brandon received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Brandon's Right to Sue is attached hereto in **Composite Exhibit B**.

h. Plaintiff Brandon has exhausted her administrative remedies.

29.    Kayla Brawner is a citizen and resident of the state of California and county of Orange. She is a current employee and a flight attendant for SWA.

a. Plaintiff Brawner was discriminated against after exercising her

sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Brawner's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine; therefore, she qualified for an exemption from SWA's COVID-19 policy. However, in expressing her sincerely held religious beliefs and objecting to behavior that violates her sincerely held religious beliefs, Plaintiff Brawner did not file for a religious exemption.

c. Despite not filing an exemption, Plaintiff Brawner believed she would be treated the same as those without sincerely held religious beliefs. This was not the case and Plaintiff Brawner was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around January 9, 2022, Plaintiff Brawner was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure. She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Brawner did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been

26

permitted to work the trip and earn income including any applicable incentive pay.

f. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Brawner timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Brawner's charge is attached hereto in **Composite Exhibit A.**

g. Plaintiff Brawner received a Right to Sue from the EEOC on or about January 18, 2023. A copy of Plaintiff Brawner's Right to Sue is attached hereto in **Composite Exhibit B**.

h. Plaintiff Brawner has exhausted her administrative remedies.

30. Brian Bronk is a citizen and resident of the state of Nevada and county of Clark. He is a current employee and a pilot for SWA.

a. Plaintiff Bronk was discriminated against after exercising his sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Bronk's sincerely held religious beliefs prevent him from taking the COVID-19 vaccine. Therefore, Plaintiff Bronk requested a religious exemption from SWA's COVID-19 policies.

27

c. Despite his religious exemption request being granted on November 19, 2021, Plaintiff was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around December 16, 2021 Plaintiff Bronk was removed from his upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  He was also unable to pick up additional trips and earn income during the quarantine period. If Plaintiff Brink did not have a sincerely held religious belief preventing him from taking the vaccine, he would have been permitted to work the trip and earn income including any applicable incentive pay.

e. Plaintiff Bronk made a complaint with his Chief Pilot Steve Dubron and requested to file a grievance, but Plaintiff Bronk was told there was nothing that could be done despite the fact that he was being discriminated against based on his sincerely held religious beliefs.

f. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Bronk timely filed a charge of discrimination against SWA with the Equal Employment

Opportunity Commission ("EEOC"). A copy of Plaintiff Bronk's charge is attached hereto in **Composite Exhibit A.**

g. Plaintiff Bronk received a Right to Sue from the EEOC on or about January 18, 2023. A copy of Plaintiff Bronk's Right to Sue is attached hereto in **Composite Exhibit B**.

h. Plaintiff Bronk has exhausted his administrative remedies.

31.    Zuzana Bruyevich is a citizen and resident of the state of Alabama and county of Jefferson. She is a current employee and a flight attendant for SWA.

a. Plaintiff Bruyevich was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Bruyevich's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine; therefore, she qualified for an exemption from SWA's COVID-19 policy. However, in expressing her sincerely held religious beliefs and objecting to behavior that violates her sincerely held religious beliefs, Plaintiff Bruyevich did not file for a religious exemption.

c. Despite not filing an exemption, Plaintiff Bruyevich believed she would be treated the same as those without sincerely held religious

beliefs. This was not the case and Plaintiff Bruyevich was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around January 2, 2022 Plaintiff Bruyevich was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure. She also was unable to pick up additional trips and earn income during the quarantine period. If Plaintiff Bruyevich did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

e. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Bruyevich timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Bruyevich's charge is attached hereto in **Composite Exhibit A.**

f. Plaintiff Bruyevich received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Bruyevich's Right to Sue is attached hereto in **Composite Exhibit B**.

g.  Plaintiff Bruyevich has exhausted her administrative remedies.

32.    Joseph Cannella is a citizen and resident of the state of Texas and county of Collin. He is a current employee and a flight attendant for SWA.

a.  Plaintiff Cannella was discriminated against after exercising his sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b.  Plaintiff Cannella's sincerely held religious beliefs prevent him from taking the COVID-19 vaccine; therefore, he qualified for an exemption from SWA's COVID-19 policy. However, in expressing his sincerely held religious beliefs and objecting to behavior that violates his sincerely held religious beliefs, Plaintiff Cannella did not file for a religious exemption.

c.  Despite not filing an exemption, Plaintiff Cannella believed he would be treated the same as those without sincerely held religious beliefs. This was not the case and Plaintiff Cannella was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d.  For instance, after being removed from trips on an earlier occasion, on or around January 4, 2022 Plaintiff Cannella was removed from

his upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  He also was unable to pick up additional trips and earn income during the quarantine period.

e.  If Plaintiff Cannella did not have a sincerely held religious belief preventing her from taking the vaccine, he would have been permitted to work the trip and earn income including any applicable incentive pay.

f.  Additionally, Plaintiff Canella was constructively forced into working less as every time he worked, vaccinated employees without sincerely held religious beliefs preventing them from getting the vaccine would blame him for others getting sick despite him having nothing to do with such.

g.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Cannella timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Cannella's charge is attached hereto in **Composite Exhibit A.**

h.  Plaintiff Canella received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Canella's Right to Sue is

attached hereto in **Composite Exhibit B**.

    i.   Plaintiff Canella has exhausted his administrative remedies.

33.    Travi Carr is a citizen and resident of the state of Texas and county of Dallas. She is a current employee and a flight attendant for SWA.

    a.   Plaintiff Carr was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

    b.   Plaintiff Carr's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine; therefore, she qualified for an exemption from SWA's COVID-19 policy. However, in expressing her sincerely held religious beliefs and objecting to behavior that violates her sincerely held religious beliefs, Plaintiff Carr did not file for a religious exemption.

    c.   Despite not filing an exemption, Plaintiff Carr believed she would be treated the same as those without sincerely held religious beliefs. This was not the case and Plaintiff Carr was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

    d.   For instance, on or around January 1, 2022, Plaintiff Carr was

33

removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period. If Plaintiff Carr did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

e.  Plaintiff Carr was removed from her trips while the flight attendant that actually exposed her came to work willingly knowing they had a strong possibility of being COVID-19 positive. Even though Plaintiff Carr did nothing wrong, her trips were removed.

f.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Carr timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Carr's charge is attached hereto in **Composite Exhibit A.**

g.  Plaintiff Carr received a Right to Sue from the EEOC on or about January 13, 2023. A copy of Plaintiff Carr's Right to Sue is attached hereto in **Composite Exhibit B**.

h.  Plaintiff Carr has exhausted his administrative remedies.

34.     Stephen Chamberlain is a citizen and resident of the state of Colorado and county of Douglas. He is a current employee and a pilot for SWA.

a.  Plaintiff Chamberlain was discriminated against after exercising his sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b.  Plaintiff Chamberlain's sincerely held religious beliefs prevent him from taking the COVID-19 vaccine. Therefore, Plaintiff Chamberlain requested a religious exemption from SWA's COVID-19 policies.

c.  Despite her religious exemption request being granted on November 15, 2021, Plaintiff Chamberlain was treated differently than others without sincerely held religious beliefs preventing him from getting the vaccine.

d.  For instance, on or around December 18, 2022 Plaintiff Chamberlain, under threat of termination, was forced to sign an acknowledgment of new COVID-19 policies despite the fact that his religious exemption had already been granted.

e.  Plaintiff Chamberlain was constantly faced with aggressive

comments, memos, and emails coercing him into getting the COVID-19 even though it was against his sincerely held religious beliefs.

f.  The toll of constant harassment finally came to a head and Plaintiff Chamberlain became consumed with stress, anxiety, and worry. Since he was suffering from such, Plaintiff Chamberlain removed himself from upcoming flights as it is his duty to be healthy, alert, and well.

g.  Due to the discrimination he faced, Plaintiff Chamberlain had to use his sick bank even though SWA's own prejudicial policies caused the harm.

h.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Chamberlain timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Chamberlain's charge is attached hereto in **Composite Exhibit A.**

i.  Plaintiff Chamberlain received a Right to Sue from the EEOC on or about January 12, 2023. A copy of Plaintiff Chamberlain's Right to Sue is attached hereto in **Composite Exhibit B**.

j. Plaintiff Chamberlain has exhausted his administrative remedies.

35. Susan Chamberlain is a citizen and resident of the state of Colorado and county of Douglas. She is a current employee and a flight attendant for SWA.

a. Plaintiff Chamberlain was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Chamberlain's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Chamberlain requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on November 16, 2021, Plaintiff Chamberlain was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, when working, Plaintiff Chamberlain was subjected to hostile comments and was ostracized for her religious beliefs. During flights, she was treated like an inferior person.

e. As a consequence of the discriminatory environment Plaintiff Chamberlain faced, she was forced to fly less to protect her mental

and physical wellbeing.

f.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Chamberlain timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Chamberlain's charge is attached hereto in **Composite Exhibit A.**

g.  Plaintiff Chamberlain received a Right to Sue from the EEOC on or about January 18, 2023. A copy of Plaintiff Chamberlain's Right to Sue is attached hereto in **Composite Exhibit B**.

h.  Plaintiff Chamberlain has exhausted her administrative remedies.

36.  Kimberly Christian is a citizen and resident of the state of Colorado and county of Arapahoe. She is a current employee and a flight attendant for SWA.

a.  Plaintiff Christian was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b.  Plaintiff Christian's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine; therefore, she qualified for an exemption from SWA's COVID-19 policy. However, in expressing her sincerely held religious beliefs and objecting to behavior that

violates her sincerely held religious beliefs, Plaintiff Christian did not file for a religious exemption.

c.  Despite not filing an exemption, Plaintiff Christian believed she would be treated the same as those without sincerely held religious beliefs. This was not the case and Plaintiff Christian was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d.  For instance, on or around December 31, 2021, Plaintiff Christian was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period. If Plaintiff Christian did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

e.  During her quarantine, Plaintiff Christian was commanded not to leave her hotel room and was forced to remain in an unfamiliar city without forewarning.

f.  In contrast, Plaintiff Christian flew predominantly the same trips as

flight attendant Ms. Martha Garcia who was not pulled for any of her trips because she did not have a sincerely held religious belief preventing her from getting the vaccine.

g. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Christian timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Christian's charge is attached hereto in **Composite Exhibit A.**

h. Plaintiff Christian received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Christian's Right to Sue is attached hereto in **Composite Exhibit B**.

i. Plaintiff Christian has exhausted her administrative remedies.

37.    Stacie Clark is a citizen and resident of the state of Arizona and county of Maricopa. She is a current employee and a flight attendant for SWA.

a. Plaintiff Clark was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Clark's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Clark requested a

40

religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on October 30, 2021, Plaintiff Clark was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around December 31, 2021, Plaintiff Clark was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure. She also was unable to pick up additional trips and earn income during the quarantine period. If Plaintiff Clark did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

e. Notably, Plaintiff Clark was exposed by another flight attendant that had contacted COVID-19 after his wife contracted COVID-19. Since this flight attendant did not have a sincerely held religious belief preventing them from getting the vaccine, he was still able to come to work despite knowing his wife had COVID-19.

f. In response to the discriminatory policies SWA enacted, on or about

41

November 14, 2022, Plaintiff Clark timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Clark's charge is attached hereto in **Composite Exhibit A.**

g. Plaintiff Clark received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Clark's Right to Sue is attached hereto in **Composite Exhibit B**.

h. Plaintiff Clark has exhausted her administrative remedies.

38. Amy Comisky is a citizen and resident of the state of Illinois and county of Kane. She is a current employee and a flight attendant for SWA.

a. Plaintiff Comisky was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Comisky's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine; therefore, she qualified for an exemption from SWA's COVID-19 policy. However, in expressing her sincerely held religious beliefs and objecting to behavior that violates her sincerely held religious beliefs, Plaintiff Comisky did not file for a religious exemption.

c.  Despite not filing an exemption, Plaintiff Comisky believed she would be treated the same as those without sincerely held religious beliefs. This was not the case and Plaintiff Comisky was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d.  For instance, on or around December 9, 2021, Plaintiff Comisky was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period. If Comisky did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

e.  As an example, another flight attendant on her trip, Ms. Melissa Bates, was permitted to continue flying with pay and was only instructed to monitor for symptoms after exposure because she did not have a sincerely held religious belief preventing her from getting the vaccine.

f.  On or about January 21, 2022, Plaintiff Comisky timely filed a charge of discrimination against SWA with the Equal Employment

Opportunity Commission ("EEOC").

g. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Comisky timely filed an amended charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC") to include additional acts of discrimination and retaliation committed by the Defendant that had occurred past her original filing date. A copy of Plaintiff Comisky's amended charge is attached hereto in **Composite Exhibit A.**

h. Plaintiff Comisky received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Comisky's Right to Sue is attached hereto in **Composite Exhibit B**.

i. Plaintiff Comisky has exhausted her administrative remedies.

39. Paula Conner is a citizen and resident of the state of Illinois and county of Cook. She is a current employee and a flight attendant for SWA.

a. Plaintiff Conner was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Conner's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine; therefore, she qualified for an

44

exemption from SWA's COVID-19 policy. However, in expressing her sincerely held religious beliefs and objecting to behavior that violates her sincerely held religious beliefs, Plaintiff Conner did not file for a religious exemption.

c. Despite not filing an exemption, Plaintiff Conner believed she would be treated the same as those without sincerely held religious beliefs. This was not the case and Plaintiff Conner was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around July 15 2021, Plaintiff Conner was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.

e. Notably, after SWA enacted discriminatory COVID-19 policies, Plaintiff Conner was sent an email in error that provided instructions on how to proceed after a COVID-19 exposure for a vaccinated employee.

f. The email indicated that even though a vaccinated employee may have direct contact with someone who tests positive for COVID-19, the employee is not required to quarantine.

g.  As an employee who's sincerely held religious beliefs prevent her from getting the vaccine, Plaintiff Conner was able to confirm the disparate impact SWA's discriminatory policies had on those with sincerely held religious beliefs.

h.  Plaintiff Conner complained to SWA Base Manager Corey Opak. Despite informing Mr. Opak of the discrimination she believed was occurring, she received no reply in regard to her complaint.

i.  Since then, Plaintiff Conner has continually faced retaliation. On or around October 18, 2022, Plaintiff Conner was contacted by a SWA base manager to discuss an alleged incident that occurred. As Plaintiff Connor was off the clock and on vacation at the time the manager called, she politely informed him she would not discuss work matters while on vacation, but would call him upon her return to work.

j.  Despite the assurance she would reach out upon her return, SWA issued a suspension against Plaintiff Conner under the guise of her failure to respond, even though they knew she was on vacation.

k.  Days after her suspension, the retaliation continued when inflight supervisor, Ms. Joanna Altidor, approached Plaintiff Conner after

46

the flight and stated she was present on the flight to evaluate Plaintiff Conner.

l.  In her evaluation Ms. Altidor stated that Plaintiff Conner was not allowed to wear red shoes, the collar of her shirt needed to be tucked in, and that she needed to don the life safety vest when doing the safety demonstration.

m. Such feedback came despite the fact that Plaintiff Conner has been wearing the same shoes for multiple years without complaint. Also, her red shoes are in conformance with SWA's uniform standards.

n.  Similarly, Plaintiff Conner has worn her collar in such a way and has conducted the safety demonstration in the same manner in front of countless supervisors who have not once mentioned it until after Plaintiff Conner made her complaints of discrimination and complained to management.

o.  Based on the discrimination and retaliation she experienced, on or about August 31, 2021, Plaintiff Conner timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC").

p.  In response to the discriminatory policies SWA enacted, on or about

November 14, 2022, Plaintiff Conner timely filed an amended charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC") to include additional acts of discrimination and retaliation committed by the Defendant that had occurred past her original filing date. A copy of Plaintiff Conner's amended charge is attached hereto in **Composite Exhibit A.**

q.  Plaintiff Conner received a Right to Sue from the EEOC on or about January 12, 2023. A copy of Plaintiff Conner's Right to Sue is attached hereto in **Composite Exhibit B**.

r.  Plaintiff Conner has exhausted her administrative remedies.

40.    Kristina Cover is a citizen and resident of the state of Florida and county of Seminole. She is a current employee and a flight attendant for SWA.

a.  Plaintiff Cover was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b.  Plaintiff Cover's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Cover requested a religious exemption from SWA's COVID-19 policies.

c.  Despite her religious exemption request being granted on

November 17, 2021, Plaintiff Cover was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around January 5, 2022 Plaintiff Cover was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period. If Plaintiff Ballinger did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

e. Plaintiff Cover complained to an inflight supervisor on the phone. Plaintiff Cover indicated SWA's VODI-19 policies were discriminatory. In response, the inflight supervisor states "I know," admitting the practice was discriminatory.

f. Additionally, Plaintiff Cover heard about other flight attendants getting stranded in remote cities without forewarning due to exposures.

g. Plaintiff Cover has specific dietary needs that cannot be

accommodated at a moment's notice. Therefore, due to her sincerely held religious beliefs preventing her from getting the vaccine and SWA's discriminatory policies which could have led to Plaintiff Cover being forced to quarantine without her required diet, Plaintiff Cover worked less than she normally would have out of concern that she would be unable to feed herself.

h. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Cover timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Cover's charge is attached hereto in **Composite Exhibit A.**

i. Plaintiff Cover received a Right to Sue from the EEOC on or about January 12, 2023. A copy of Plaintiff Cover's Right to Sue is attached hereto in **Composite Exhibit B**.

j. Plaintiff Cover has exhausted her administrative remedies.

41.     Barbara Cruz is a citizen and resident of the state of New Mexico and county of Bernalillo. She is a current employee and a flight attendant for SWA.

a. Plaintiff Cruz was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19

50

vaccine.

b. Plaintiff Cruz's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Cruz requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on November 24, 2021, Plaintiff Cruz was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around January 1, 2022 Plaintiff Cruz was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure after she herself began experiencing symptoms of COVID-19.  Despite her symptoms of COVID-19, Plaintiff Cruz was not paid for her quarantine because her sincerely held religious beliefs prevent her from getting the vaccine.

e. If Plaintiff Cruz did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been paid for her quarantine time.

f. As an example, flight attendant Billie Hubbs was paid for the trip

51

they were removed from due to a COVID-19 contraction because they did not have a sincerely held religious belief preventing them from getting the vaccine.

g. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Cruz timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Cruz's charge is attached hereto in **Composite Exhibit A.**

h. Plaintiff Cruz received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Cruz's Right to Sue is attached hereto in **Composite Exhibit B**.

i. Plaintiff Cruz has exhausted her administrative remedies.

42. Jennifer Currier is a citizen and resident of the state of Texas and county of Dallas. She is a former employee and was previously a flight attendant for SWA.

a. Plaintiff Currier was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Currier's sincerely held religious beliefs prevent her from

taking the COVID-19 vaccine; therefore, she qualified for an exemption from SWA's COVID-19 policy. However, in expressing her sincerely held religious beliefs and objecting to behavior that violates her sincerely held religious beliefs, Plaintiff Currier did not file for a religious exemption.

c. Despite not filing an exemption, Plaintiff Currier believed she would be treated the same as those without sincerely held religious beliefs. This was not the case and Plaintiff Currier was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around December 30, 2021, Plaintiff Currier was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure. She also was unable to pick up additional trips and earn income during the quarantine period. If Plaintiff Currier did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

e. As a result of the discrimination she faced, Plaintiff Currier was

distraught and terrified of working. She was concerned with being stranded in a city without help from SWA and the uncertainty of whether she would be pulled from her trips without warning or reason.

f.  As Plaintiff Currier could no longer suffer the discrimination she faced and the financial uncertainty surrounding SWA's policies, she resigned from her employment with SWA on or about May 20, 2022.

g.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Currier timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Currier's charge is attached hereto in **Composite Exhibit A.**

h.  Plaintiff Currier received a Right to Sue from the EEOC on or about January 18, 2023. A copy of Plaintiff Currier's Right to Sue is attached hereto in **Composite Exhibit B**.

i.  Plaintiff Currier has exhausted her administrative remedies.

43.  Lisa DelMonte is a citizen and resident of the state of Florida and county of Seminole. She is a current employee and a flight attendant for SWA.

a.  Plaintiff DelMonte was discriminated against after objecting to

receiving the COVID-19 vaccine based upon her medical/disability status.

b.  Plaintiff DelMonte's medical disability/status prevents her from taking the COVID-19 vaccine. Therefore, Plaintiff DelMonte requested a medical exemption from SWA's COVID-19 policies.

c.  Despite her medical exemption request being granted on October 29, 2021, Plaintiff DelMonte was treated differently than others without their medical/disability status preventing them from getting the vaccine.

d.  For instance, on or around January 2, 2022 Plaintiff DelMonte was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e.  If Plaintiff DelMonte did not have a medical/disability status preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f.  Additionally, Plaintiff DelMonte was the subject of intense harassment despite her medical disability/status. For instance,

another flight attendant told Plaintiff DelMonte that because she was not vaccinated, she should get sick and die, and that she deserves death.

g. Behavior like this was tolerated by SWA on a daily basis.

h. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff DelMonte timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff DelMonte's charge is attached hereto in **Composite Exhibit A.**

i. Plaintiff DelMonte received a Right to Sue from the EEOC on or about January 13, 2023. A copy of Plaintiff DelMonte's Right to Sue is attached hereto in **Composite Exhibit B**.

j. Plaintiff DelMonte has exhausted her administrative remedies.

44. Margaret Diehl is a citizen and resident of the state of Illinois and county of DuPage. She is a current employee and a flight attendant for SWA.

a. Plaintiff Diehl was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

56

b. Plaintiff Diehl's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Diehl requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on December 1, 2021, Plaintiff Diehl was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around December 30, 2021, Plaintiff Diehl was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure. She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Diehl did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. Notably, when removing me from my trips, SWA broadcasted my vaccination status to other flight attendants on an online public flight board. As a person with a sincerely held religious belief preventing her from getting the vaccine, Plaintiff Diehl's removal of

trips was coded as "CCN" and blocked red which signified my vaccination status while other flight attendants who received the vaccine because their sincerely held religious beliefs did not prevent them from doing so had a different code and their schedules were green.

g. On or about January 26, 2022, Plaintiff Diehl timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC").

h. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Diehl timely filed an amended charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC") to include additional acts of discrimination and retaliation committed by the Defendant that had occurred past her original filing date. A copy of Plaintiff Diehl's amended charge is attached hereto in **Composite Exhibit A.**

i. Plaintiff Diehl received a Right to Sue from the EEOC on or about January 17, 2023.

j. Plaintiff Diehl has exhausted her administrative remedies.

45.   Traci Donohoe is a citizen and resident of the state of Idaho and

county of Benewah. She is a current employee and a flight attendant for SWA.

    a. Plaintiff Donohoe was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

    b. Plaintiff Donohoe's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine; therefore, she qualified for an exemption from SWA's COVID-19 policy. However, in expressing her sincerely held religious beliefs and objecting to behavior that violates her sincerely held religious beliefs, Plaintiff Donohoe did not file for a religious exemption.

    c. Despite not filing an exemption, Plaintiff Donohoe believed she would be treated the same as those without sincerely held religious beliefs. This was not the case and Plaintiff Donohoe was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

    d. For instance, on or around December 30, 2021, Plaintiff Donohoe was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure. She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Donhoe did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Donohoe timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Donohoe's charge is attached hereto in **Composite Exhibit A.**

g. Plaintiff Donohoe received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Donohoe's Right to Sue is attached hereto in **Composite Exhibit B**.

h. Plaintiff Donohoe has exhausted her administrative remedies.

46.    Daniel Douglass is a citizen and resident of the state of Nevada and county of Clark. He is a current employee and a pilot for SWA.

a. Plaintiff Douglass was discriminated against after exercising his sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Douglass sincerely held religious beliefs prevent him from

taking the COVID-19 vaccine. Therefore, Plaintiff Douglass requested a religious exemption from SWA's COVID-19 policies.

c. Despite his religious exemption request being granted on November 23, 2021, Plaintiff Douglass was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around October 27, 2021, Plaintiff Douglass's wife was exhibiting symptoms of COVID-19. Plaintiff Douglass immediately reported it, but informed SWA he was not sick and would like to continue working.

e. Despite his request to continue working, Plaintiff Douglass was removed from his flights and forced to quarantine for ten days once his wife's quarantine was over.

f. Considering other pilot's wives had contracted COVID-19 but they were still permitted to work if they did not have a sincerely held religious belief that prevented them from getting the vaccine, Plaintiff Douglass sought to file a grievance.

g. In speaking to his Chief Pilot and other leaders, Plaintiff Douglass's claims of discrimination were brushed aside, and he was made to

feel inferior for not subjecting himself to the vaccine despite his sincerely held religious beliefs.

h. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Douglass timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Douglas' charge is attached hereto in **Composite Exhibit A.**

i. Plaintiff Douglass received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Douglass' Right to Sue is attached hereto in **Composite Exhibit B**.

j. Plaintiff Douglass has exhausted his administrative remedies.

47. Stephanie DuRoss is a citizen and resident of the state of Arizona and county of Maricopa. She is a current employee and a flight attendant for SWA.

a. Plaintiff DuRoss was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff DuRoss's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff DuRoss requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on November 29, 2021, Plaintiff DuRoss was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around December 31, 2021 Plaintiff DuRoss was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff DuRoss did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. Notably, after SWA changed its policies and vaccines were no longer required, Plaintiff DuRoss reached out to SWa and requested her vaccine status be removed from her personnel file. Plaintiff DuRoss received no response to her request.

g. On or about March 19, 2022, Plaintiff DuRoss timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC").

h. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff DuRoss timely filed an amended charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC") to include additional acts of discrimination and retaliation committed by the Defendant that had occurred past her original filing date. A copy of Plaintiff DuRoss' amended charge is attached hereto in **Composite Exhibit A.**

i. Plaintiff DuRoss received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff DuRoss' Right to Sue is attached hereto in **Composite Exhibit B**.

j. Plaintiff DuRoss has exhausted her administrative remedies.

48. Chelsea Dwyer is a citizen and resident of the state of Florida and county of Seminole. She is a current employee and a flight attendant for SWA.

a. Plaintiff Dwyer was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Dwyer's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Dwyer requested a religious exemption from SWA's COVID-19 policies.

64

c. Despite her religious exemption request being granted on November 29, 2021 Plaintiff Dwyer was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around January 1, 2022 Plaintiff Dwyer was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period. If Plaintiff Dwyer did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

e. Plaintiff Dwyer voiced her concerns to the company about the discriminatory policies but was never responded to.

f. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Dwyer timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Dwyer's charge is attached hereto in **Composite Exhibit A.**

g. Plaintiff Dwyer received a Right to Sue from the EEOC on or about January 18, 2023. A copy of Plaintiff Dwyer's Right to Sue is attached hereto in **Composite Exhibit B**.

h. Plaintiff Dwyer has exhausted her administrative remedies.

49. Patricia Espinoza is a citizen and resident of the state of Nevada and county of Clark. She is a current employee and a flight attendant for SWA.

a. Plaintiff Espinoza was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Espinoza's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine; therefore, she qualified for an exemption from SWA's COVID-19 policy. However, in expressing her sincerely held religious beliefs and objecting to behavior that violates her sincerely held religious beliefs, Plaintiff Espinoza did not file for a religious exemption.

c. Despite not filing an exemption, Plaintiff Espinoza believed she would be treated the same as those without sincerely held religious beliefs. This was not the case and Plaintiff Espinoza was treated differently than others without sincerely held religious beliefs

preventing her from getting the vaccine.

d.  For instance, on or around January 3, 2022, Plaintiff Espinoza was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure after she flew with Ms. Brie Young.

e.  Ms. Young contracted COVID-19 and exposed Plaintiff Espinoza, but because Ms. Young did not have a sincerely held religious belief preventing her from getting the vaccine, she was able to stay home while being paid.

f.  In contrast, Plaintiff Espinoza was removed from her trips without pay and also was unable to pick up additional trips and earn income during the quarantine period. If Plaintiff Espinoza did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

g.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Espinoza timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Espinoza's

charge is attached hereto in **Composite Exhibit A.**

h. Plaintiff Espinoza received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Espinoza's Right to Sue is attached hereto in **Composite Exhibit B**.

i. Plaintiff Espinoza has exhausted her administrative remedies.

50. Paul Espitia is a citizen and resident of the state of Arizona and county of Maricopa. He is a current employee and a flight attendant for SWA.

a. Plaintiff Espitia was discriminated against after exercising his sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Espitia's sincerely held religious beliefs prevent him from taking the COVID-19 vaccine. Therefore, Plaintiff Espitia requested a religious exemption from SWA's COVID-19 policies.

c. Despite his religious exemption request being granted on November 11, 2021, Plaintiff Espitia was treated differently than others without sincerely held religious beliefs preventing him from getting the vaccine.

d. For instance, on or around December 14, 2022, Plaintiff Espitia was

removed from his upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  He also was unable to pick up additional trips and earn income during the quarantine period.

e.  If Plaintiff Espitia did not have a sincerely held religious belief preventing him from taking the vaccine, he would have been permitted to work the trip and earn income including any applicable incentive pay.

f.  Notably, this was not the first time he had been removed from a flight due to an alleged COVID-19 exposure.

g.  As an example, Plaintiff Espitia reached out to Ms. Mary Thomas who worked with him as a flight attendant on a recent trip. Since Ms. Thomas did not have a sincerely held religious belief preventing her from taking the vaccine, she was not removed from her trip but was permitted to continue working to earn applicable incentive and holiday pay.

h.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Espitia timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Espitia's

charge is attached hereto in **Composite Exhibit A.**

    i. Plaintiff Espitia received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Espitia's Right to Sue is attached hereto in **Composite Exhibit B**.

    j. Plaintiff Espitia has exhausted his administrative remedies.

51. Beth Everett is a citizen and resident of the state of Florida and county of Manatee. She is a current employee and a flight attendant for SWA.

    a. Plaintiff Everett was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

    b. Plaintiff Everett's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine; therefore, she qualified for an exemption from SWA's COVID-19 policy. However, in expressing her sincerely held religious beliefs and objecting to behavior that violates her sincerely held religious beliefs, Plaintiff Everett did not file for a religious exemption.

    c. Despite not filing an exemption, Plaintiff Everett believed she would be treated the same as those without sincerely held religious beliefs. This was not the case and Plaintiff Everett was treated

differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around December 29, 2021, Plaintiff Everett was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Everett did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. As an example, other flight attendants on her trip, including Mr. Doug Edwards and Ms. Carlotta Washington, were permitted to continue flying with pay and were only instructed to monitor for symptoms after exposure because they did not have sincerely held religious beliefs preventing them from getting the vaccine.

g. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Everett timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Everett's

charge is attached hereto in **Composite Exhibit A.**

h. Plaintiff Everett received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Everett's Right to Sue is attached hereto in **Composite Exhibit B**.

i. Plaintiff Everett has exhausted her administrative remedies.

52. Peggy Flynn is a citizen and resident of the state of Arizona and county of Maricopa. She is a current employee and a flight attendant for SWA.

a. Plaintiff Flynn was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Flynn's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Flynn requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on November 17, 2021, Plaintiff Flynn was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around January 3, 2022, Plaintiff Flynn was

removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Flynn did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. On or around January 11, 2022, Plaintiff Flynn spoke with Ms. Lilly Jones, a supervisor out of Denver. Plaintiff Flynn explained she felt discriminated against based on the policies. Ms. Jones refused to discuss the issue and Plaintiff Flynn received no further follow-up regarding her complaint of discrimination.

g. As an example, the "C" flight attendant on her trip was permitted to continue flying with pay and was only instructed to monitor for symptoms.

h. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Flynn timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Flynn's

charge is attached hereto in **Composite Exhibit A.**

    i. Plaintiff Flynn received a Right to Sue from the EEOC on or about January 12, 2023. A copy of Plaintiff Flynn's Right to Sue is attached hereto in **Composite Exhibit B**.

    j. Plaintiff Flynn has exhausted her administrative remedies.

53. Jessica Ford is a citizen and resident of the state of Texas and county of Montgomery. She is a current employee and a flight attendant for SWA.

    a. Plaintiff Ford was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

    b. Plaintiff Ford's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Ford requested a religious exemption from SWA's COVID-19 policies.

    c. Despite her religious exemption request being granted on December 5, 2021, Plaintiff Ford was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

    d. For instance, on or around December 26, 2021, Plaintiff Ford was

removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure. She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Ford did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. Additionally, Plaintiff Ford had been the subject and target of disgusted looks and threatening comments from other flight attendants that aim to make Plaintiff Ford feel inferior based on her religious beliefs.

g. SWA allowed such behavior to occur.

h. On or about November 14, 2022, Plaintiff Ford timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Ford's charge is attached hereto in **Composite Exhibit A.**

i. Plaintiff Ford received a Right to Sue from the EEOC on or about January 12, 2023. A copy of Plaintiff Ford's Right to Sue is attached hereto in **Composite Exhibit B**.

j.  Plaintiff Ford has exhausted her administrative remedies.

54.    Lindsey Fowler is a citizen and resident of the state of Texas and county of Ellis. She is a current employee and a flight attendant for SWA.

a.  Plaintiff Fowler was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b.  Plaintiff Fowler's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Fowler requested a religious exemption from SWA's COVID-19 policies.

c.  Despite her religious exemption request being granted on November 3, 2021, Plaintiff Fowler was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d.  For instance, on or around January 3, 2022 Plaintiff Fowler was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e.  If Plaintiff Fowler did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been

permitted to work the trip and earn income including any applicable incentive pay.

f.   In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Fowler timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Fowler's charge is attached hereto in **Composite Exhibit A.**

g.   Plaintiff Fowler received a Right to Sue from the EEOC on or about January 12, 2023. A copy of Plaintiff Fowler's Right to Sue is attached hereto in **Composite Exhibit B**.

h.   Plaintiff Fowler has exhausted her administrative remedies.

55.   Barbara Freedman is a citizen and resident of the state of Michigan and county of Kent. She is a current employee and a flight attendant for SWA.

a.   Plaintiff Freedman was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b.   Plaintiff Freedman's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Freedman requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on November 22, 2021, Plaintiff Freedman was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around December 29, 2021, Plaintiff Freedman was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Freedman did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Freedman timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Freedman's charge is attached hereto in **Composite Exhibit A.**

g. Plaintiff Freedman received a Right to Sue from the EEOC on or about January 12, 2023. A copy of Plaintiff Freedman's Right to Sue

is attached hereto in **Composite Exhibit B**.

    h.  Plaintiff Freedman has exhausted her administrative remedies.

56.    Clint Freeman is a citizen and resident of the state of California and county of San Diego. He is a current employee and a flight attendant for SWA.

    a.  Plaintiff Freeman was discriminated against after objecting to the COVID-19 vaccine based on his sincerely held religious beliefs and/or medical/disability status.

    b.  Plaintiff Freeman's sincerely held religious beliefs and/or medical/disability status prevent him from taking the COVID-19 vaccine; therefore, he qualified for an exemption from SWA's COVID-19 policy. However, in expressing his sincerely held religious beliefs and objecting to behavior that violates his rights relating to his medical/disability status, Plaintiff Freeman did not file for a religious exemption.

    c.  Despite not filing an exemption, Plaintiff Freeman believed he would be treated the same as those without sincerely held religious beliefs or medical/disability statuses preventing him from getting the vaccine.

    d.  This was not the case and Plaintiff Freeman was treated differently

than others without sincerely held religious beliefs or medical/disability statuses preventing them from getting the vaccine.

e.  For instance, on or around December 23, 2021, Plaintiff Freeman was removed from his upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  He also was unable to pick up additional trips and earn income during the quarantine period.

f.  If Plaintiff Freeman did not have a sincerely held religious belief preventing him from taking the vaccine, he would have been permitted to work the trip and earn income including any applicable incentive pay.

g.  Plaintiff Freeman lodged numerous complaints in regard to the discrimination he faced.

h.  Most of his complaints were ignored.

i.  However, in response to Plaintiff Freeman partaking in protected activity for making a complaint of discrimination, he received a call form an SWA employee informing that they may take disciplinary action against and would be holding a fact-finding meeting in response to his numerous complaints.

j.  Rather than investigate Plaintiff Freeman's complaints, he was retaliated against with threatened discipline for his protected activity.

k.  In response to the discriminatory policies SWA enacted, on or about November 14, Plaintiff Freeman timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Freeman's charge is attached hereto in **Composite Exhibit A.**

l.  Plaintiff Freeman received a Right to Sue from the EEOC on or about January 12, 2023. A copy of Plaintiff Freeman's Right to Sue is attached hereto in **Composite Exhibit B**.

m. Plaintiff Freeman has exhausted his administrative remedies.

57.    Taryn Froelick is a citizen and resident of the state of Nevada and county of Clark. She is a current employee and a flight attendant for SWA.

a.  Plaintiff Froelick was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b.  Plaintiff Froelick's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Froelick

requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on December 1, 2021, Plaintiff Froelick was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around January 2, 2022 Plaintiff Froelick was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Froelick did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. As an example, Plaintiff Froelick flew with Ms. Eva Young. Since Ms. Young did not have a sincerely held religious belief preventing her from getting the vaccine, she was permitted to continue flying with pay and was only instructed to monitor for symptoms.

g. In response, Plaintiff Froelick emailed a letter to leadership and copied SWA leaders like Gary Kelly, Bob Jordan, and Sonya Lacore

about the discrimination she faced.

h. Although Sonya Lacore replied, she did not address her concerns or claims of discrimination. All others addressed ignored Plaintiff Froelick's complaint.

i. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Froelick timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Froelick's charge is attached hereto in **Composite Exhibit A.**

j. Plaintiff Froelick received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Froelick's Right to Sue is attached hereto in **Composite Exhibit B**.

k. Plaintiff Froelick has exhausted her administrative remedies.

58. Deidre Gibson is a citizen and resident of the state of Texas and county of Dallas. She is a current employee and a flight attendant for SWA.

a. Plaintiff Gibson was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Gibson's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine; therefore, she qualified for an exemption from SWA's COVID-19 policy. However, in expressing her sincerely held religious beliefs and objecting to behavior that violates her sincerely held religious beliefs, Plaintiff Gibson did not file for a religious exemption.

c. Despite not filing an exemption, Plaintiff Gibson believed she would be treated the same as those without sincerely held religious beliefs. This was not the case and Plaintiff Gibson was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around December 30, 2021, Plaintiff Gibson was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure. She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Gibson did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f.  As an example, another flight attendant on her trip, Ms. Mekdes Tessema, tested positive for COVD-18 and was able to quarantine at home while being paid because they did not have a sincerely held religious belief that prevents them from getting the vaccine.

g.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Gibson timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Gibson's charge is attached hereto in **Composite Exhibit A.**

h.  Plaintiff Gibson received a Right to Sue from the EEOC on or about January 12, 2023. A copy of Plaintiff Gibson's Right to Sue is attached hereto in **Composite Exhibit B**.

i.  Plaintiff Gibson has exhausted her administrative remedies.

59.   Brigett Gladden is a citizen and resident of the state of Missouri and county of Greene. She is a current employee and a flight attendant for SWA.

a.  Plaintiff Gladden was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b.  Plaintiff Gladden's sincerely held religious beliefs prevent her from

taking the COVID-19 vaccine; therefore, she qualified for an exemption from SWA's COVID-19 policy. However, in expressing her sincerely held religious beliefs and objecting to behavior that violates her sincerely held religious beliefs, Plaintiff Gladden did not file for a religious exemption.

c. Despite not filing an exemption, Plaintiff Gladden believed she would be treated the same as those without sincerely held religious beliefs. This was not the case and Plaintiff Gladden was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around December 24, 2021, Plaintiff Gladden was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Gladden did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. During her forced quarantine, Plaintiff Gladden was forced to

remain in Tampa, until January 2, 2022, without pay.

g.  Plaintiff Gladden waited over an hour at the airport in order for SWA to find a hotel that would agree to quarantine her.

h.  After paying for her own transportation to the hotel, Ms. Katie Grosse let Plaintiff Gladden know that she was not allowed to step out of her hotel room for any reason whatsoever.

i.  In contrast, the Network Operations Center told Plaintiff Gladden she could drive home, which she did.

j.  Approximately a week later, on January 2, 2022, Ms. Grosse called Plaintiff Gladden. When Ms. Grosse learned Plaintiff Gladden had driven home at the direction of the Network Operations Center, Ms. Grosse began yelling at Plaintiff Gladden and informed Her she would be disciplined for doing so despite receiving instruction she could.

k.  After being discriminated against, forced to remain in her hotel room, and then threatened with discipline, Plaintiff Gladden made a complaint to Gary Kelly, Bob Jordan, and Sonya Lacore.

l.  Nobody responded to Plaintiff Gladden's complaint of discrimination.

m. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Gladden timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Gladden's charge is attached hereto in **Composite Exhibit A.**

n. Plaintiff Gladden received a Right to Sue from the EEOC on or about January 18, 2023. A copy of Plaintiff Gladden's Right to Sue is attached hereto in **Composite Exhibit B**.

o. Plaintiff Gladden has exhausted her administrative remedies.

60. Charles Goldman is a citizen and resident of the state of Colorado and county of Denver. He is a current employee and a flight attendant for SWA.

a. Plaintiff Goldman was discriminated against after exercising his sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Goldman's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine; therefore, she qualified for an exemption from SWA's COVID-19 policy. However, in expressing her sincerely held religious beliefs and objecting to behavior that violates her sincerely held religious beliefs, Plaintiff Goldman did

not file for a religious exemption.

c. Despite not filing an exemption, Plaintiff Goldman believed he would be treated the same as those without sincerely held religious beliefs. This was not the case and Plaintiff Goldman was treated differently than others without sincerely held religious beliefs preventing him from getting the vaccine.

d. For instance, on or around September 10, 2021, Plaintiff Goldman was removed from his upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  He also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Goldman did not have a sincerely held religious belief preventing him from taking the vaccine, he would have been permitted to work the trip and earn income including any applicable incentive pay.

f. Since he was discriminatorily removed from his trip and unable to pick up additional trips, Plaintiff Goldman complained to an inflight supervisor about the discriminatory policies. However, Plaintiff Goldman's complaints were ignored, and he never received any follow up.

89

g.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Goldman timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Goldman's charge is attached hereto in **Composite Exhibit A.**

h.  Plaintiff Goldman received a Right to Sue from the EEOC on or about January 17, 2023. A copy of Plaintiff Goldman's Right to Sue is attached hereto in **Composite Exhibit B**.

i.  Plaintiff Goldman has exhausted his administrative remedies.

61.    Adam Gottlieb is a citizen and resident of the state of Texas and county of Harris. He is a current employee and a flight attendant for SWA.

a.  Plaintiff Gottlieb was discriminated against after exercising his sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b.  Plaintiff Gottlieb's sincerely held religious beliefs prevent him from taking the COVID-19 vaccine. Therefore, Plaintiff Gottlieb requested a religious exemption from SWA's COVID-19 policies.

c.  Despite his religious exemption request being granted on December 13, 2021, Plaintiff Gottlieb was treated differently than others

without sincerely held religious beliefs preventing them from getting the vaccine.

d.  For instance, on or around January 2, 2022 Plaintiff Gottlieb was removed from his upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e.  If Plaintiff Gottlieb did not have a sincerely held religious belief preventing him from taking the vaccine, he would have been permitted to work the trip and earn income including any applicable incentive pay.

f.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Gottlieb timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Gottlieb's charge is attached hereto in **Composite Exhibit A.**

g.  Plaintiff Gottlieb received a Right to Sue from the EEOC on or about January 17, 2023. A copy of Plaintiff Gottlieb's Right to Sue is attached hereto in **Composite Exhibit B**.

h.  Plaintiff Gottlieb has exhausted his administrative remedies.

62.     Scott Guido is a citizen and resident of the state of Florida and county of Seminole. He is a current employee and a flight attendant for SWA.

a. Plaintiff Guido was discriminated against after exercising his sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Guido's sincerely held religious beliefs prevent him from taking the COVID-19 vaccine. Therefore, Plaintiff Guido requested a religious exemption from SWA's COVID-19 policies.

c. Despite his religious exemption request being granted on November 15, 2021, Plaintiff Guido was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, on or around January 8, 2022 Plaintiff Guido was removed from his upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  He also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Guido did not have a sincerely held religious belief preventing her from taking the vaccine, he would have been permitted to work the trip and earn income including any

applicable incentive pay.

f.  Plaintiff Guido has also been exposed to a harassing work environment. For instance, vaccinated flight attendants without sincerely held religious beliefs preventing them from getting the vaccine have refused to sit next to Plaintiff Guido and have accused him on putting them in harm's way due to his sincerely held religious beliefs that prevent him from getting the vaccine.

g.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Guido timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Guido's charge is attached hereto in **Composite Exhibit A.**

h.  Plaintiff Guido received a Right to Sue from the EEOC on or about January 18, 2023. A copy of Plaintiff Guido's Right to Sue is attached hereto in **Composite Exhibit B**.

i.  Plaintiff Guido has exhausted his administrative remedies.

63.  Debra Guthrie is a citizen and resident of the state of Texas and county of Collin. She is a current employee and a flight attendant for SWA.

a.  Plaintiff Guthrie was discriminated against after exercising her

sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b.  Plaintiff Guthrie's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Guthrie requested a religious exemption from SWA's COVID-19 policies.

c.  Despite her religious exemption request being granted on November 12, 2021, Plaintiff Guthrie was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d.  For instance, on or around December 23, 2021, Plaintiff Guthrie was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure. She also was unable to pick up additional trips and earn income during the quarantine period.

e.  If Plaintiff Guthrie did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f.  Just days later, on or around January 3, 2022, Plaintiff Guthrie was removed from additional trips due to another alleged COVID-19

exposure.

g.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Guthrie timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Guthrie's charge is attached hereto in **Composite Exhibit A.**

h.  Plaintiff Guthrie received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Guthrie's Right to Sue is attached hereto in **Composite Exhibit B**.

i.  Plaintiff Guthrie has exhausted her administrative remedies.

64.  Lindley Hale is a citizen and resident of the state of Nevada and county of Washoe. He is a current employee and a flight attendant for SWA.

a.  Plaintiff Hale was discriminated against after objecting to receiving the COVID-19 vaccine based upon his medical/disability status.

b.  Plaintiff Hale's medical/disability status prevents him from taking the COVID-19 vaccine; therefore, he qualified for an exemption from SWA's COVID-19 policy. However, in objecting to behavior that violates his rights relating to his medical/disability status, Plaintiff Hale did not file for a medical exemption.

95

c.  Despite not filing an exemption, Plaintiff Hale believed he would be treated the same as those without medical/disability statuses preventing them from getting the vaccine.

d.  This was not the case and Plaintiff Hale was treated differently than others without medical/disability statuses preventing them from getting the vaccine.

e.  For instance, on or around December 29, 2021, Plaintiff Hale was removed from his upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  He also was unable to pick up additional trips and earn income during the quarantine period.

f.  If Plaintiff Hale did not have a medical/disability status preventing him from taking the vaccine, he would have been permitted to work the trip and earn income including any applicable incentive pay.

g.  Plaintiff Hale was also constantly subjected to a hostile work environment in which abusive and aggressive comments were made at him such as wishing death upon him.

h.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Hale timely filed a charge of discrimination against SWA with the Equal Employment

96

Opportunity Commission ("EEOC"). A copy of Plaintiff Hale's charge is attached hereto in **Composite Exhibit A.**

i. Plaintiff Hale received a Right to Sue from the EEOC on or about January 13, 2023. A copy of Plaintiff Hale's Right to Sue is attached hereto in **Composite Exhibit B**.

j. Plaintiff Hale has exhausted his administrative remedies.

65.   Stephanie Hancock is a citizen and resident of the state of Texas and county of Grayson. She is a current employee and a flight attendant for SWA.

a. Plaintiff Hancock was discriminated against after objecting to receiving the COVID-19 vaccine based upon her medical/disability status.

b. Plaintiff Hancock's medical/disability status prevents her from taking the COVID-19 vaccine; therefore, she qualified for an exemption from SWA's COVID-19 policy. However, in objecting to behavior that violates her rights relating to her medical/disability status, Plaintiff Hancock did not file for a medical exemption.

c. Despite not filing an exemption, Plaintiff Hancock believed she would be treated the same as those without medical/disability statuses preventing them from getting the vaccine.

d.  This was not the case and Plaintiff Hancock was treated differently than others without medical/disability statuses preventing them from getting the vaccine.

e.  For instance, on or around the end of October 2021, Plaintiff Hancock was mandated to remain in Raleigh, North Carolina due to an alleged covid exposure. While remaining in Raleigh, Plaintiff Hancock was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

f.  If Plaintiff Hancock did not have a medical/disability status preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

g.  Notably, as Raleigh is not Plaintiff Hancock's base, she was not prepared to remain in an unfamiliar city without prior notice. Plaintiff Hancock's medical/disability status requires insulin in order for her to survive.

h.  Plaintiff Hancock informed SWA of her medical/disability status

and special circumstances as she did not have enough insulin to last her through her mandatory ten-day quarantine. Although ultimately Plaintiff Hancock was permitted to fly home, despite the supposed COVID-19 exposure, the incident caused an immense amount of stress as she was unsure if she would be forced by SWA to remain in a city without her life sustaining medication.

i.  Then again, on or around December 28, 2021, Plaintiff Hancock was again removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure. She also was unable to pick up additional trips and earn income during the quarantine period.

j.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Hancock timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Hancock's charge is attached hereto in **Composite Exhibit A.**

k.  Plaintiff Hancock received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Hancock's Right to Sue is attached hereto in **Composite Exhibit B**.

l.  Plaintiff Hancock has exhausted her administrative remedies.

66.     Kelly Hanley is a citizen and resident of the state of Tennessee and county of Williamson. He is a current employee and a pilot for SWA.

a.  Plaintiff Hanley was discriminated against after exercising his sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b.  Plaintiff Hanley's sincerely held religious beliefs prevent him from taking the COVID-19 vaccine. Therefore, Plaintiff Hanley requested a religious exemption from SWA's COVID-19 policies.

c.  Despite his religious exemption request being granted on November 29, 2021, Plaintiff Hanley was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d.  For instance, in early January 2022, Plaintiff Hanley was flying a three-day trip with Captain Jeremy Seabolt. During the pendency of the trip, Plaintiff Hanley learned that Captain Jeremy Seabolt and his wife, who is a SWA flight attendant, were vaccinated. Plaintiff Hanley also learned that Captain Seabolt's wife had a recent COVID-19 exposure and despite such, Captain Seabolt would be staying with his wife in a hotel.

e.  Since Captain Seabolt and his wife do not have sincerely held religious beliefs that prevent them from getting the vaccine, they were permitted to continue working despite knowing Captain Seabolt's wife had a close exposure. Ultimately, Captain Seabolt ultimately contracted COVID-19.

f.  Even though Plaintiff Hanley did nothing wrong in the situation, did not have COVID-19, and was exposed to the virus by a SWA who knew they had been in close contact with COVID-19, Plaintiff Hanley was still removed from his upcoming flights and forced to quarantine due to the exposure.  He also was unable to pick up additional trips and earn income during the quarantine period.

g.  If Plaintiff Hanley did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

h.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Hanley timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Hanley's

charge is attached hereto in **Composite Exhibit A.**

i. Plaintiff Hanley received a Right to Sue from the EEOC on or about January 13, 2023. A copy of Plaintiff Hanley's Right to Sue is attached hereto in **Composite Exhibit B**.

j. Plaintiff Hanley has exhausted his administrative remedies.

67. Cathy Hannigan is a citizen and resident of the state of New Mexico and county of Bernalillo. She is a current employee and a flight attendant for SWA.

a. Plaintiff Hannigan was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Hannigan's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Hannigan requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on December 10, 2021, Plaintiff Hannigan was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, on or around January 3, 2022 Plaintiff Hannigan was

removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Hannigan did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Hannigan timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Hannigan's charge is attached hereto in **Composite Exhibit A.**

g. Plaintiff Hannigan received a Right to Sue from the EEOC on or about January 18, 2023. A copy of Plaintiff DelMonte's Right to Sue is attached hereto in **Composite Exhibit B**.

h. Plaintiff Hannigan has exhausted her administrative remedies.

68. Beverly Harrington is a citizen and resident of the state of Texas and county of Neuces. She is a current employee and a flight attendant for SWA.

a. Plaintiff Harrington was discriminated against after exercising her

103

sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Harrington's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Harrington requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on April 19, 2022, Plaintiff Harrington was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around December 27, 2021, Plaintiff Harrington was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Harrington did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Harrington timely filed a charge of

discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Harrington's charge is attached hereto in **Composite Exhibit A.**

g. Plaintiff Harrington received a Right to Sue from the EEOC on or about January 18, 2023. A copy of Plaintiff Harrington's Right to Sue is attached hereto in **Composite Exhibit B**.

h. Plaintiff Harrington has exhausted her administrative remedies.

69. Martha Harrison is a citizen and resident of the state of Florida and county of Manatee. She is a current employee and a flight attendant for SWA.

a. Plaintiff Harrison was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Harrison's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Harrison requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on December 6, 2021, Plaintiff Harrison was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around December 31, 2021, Plaintiff Harrison was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Harrison did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Harrison timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Harrison's charge is attached hereto in **Composite Exhibit A.**

g. Plaintiff Harrison received a Right to Sue from the EEOC on or about January 18, 2023. A copy of Plaintiff Harrison's Right to Sue is attached hereto in **Composite Exhibit B**.

h. Plaintiff Harrison has exhausted her administrative remedies.

70. Lisa Hawk is a citizen and resident of the state of Texas and county of Wise. She is a current employee and a flight attendant for SWA.

a. Plaintiff Hawk was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Hawk's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Hawk requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on November 4, 2021, Plaintiff Hawk was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around January 2, 2022, Plaintiff Hawk was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Hawk did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. Likewise, Plaintiff Hawk was informed days later that she had been

exposed again in a separate incident but on the same trip. Since she has a sincerely held religious belief preventing her from getting the vaccine, her removal quarantine period was extended another two days without pay, again limiting her ability to earn a living.

g.  In response to the discriminatory policies SWA enacted, on or about March 14, 2022, Plaintiff Hawk timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC").

h.  On or about November 14, Plaintiff Hawk timely filed an amended charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC") to include additional acts of discrimination and retaliation committed by the Defendant that had occurred past her original filing date. A copy of Plaintiff Hawk's amended charge is attached hereto in **Composite Exhibit A.**

i.  Plaintiff Hawk received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Hawk's Right to Sue is attached hereto in **Composite Exhibit B**.

j.  Plaintiff Hawk has exhausted her administrative remedies.

71.  Natasha Heidlage is a citizen and resident of the state of Kentucky

and county of Boone. She is a current employee and a flight attendant for SWA.

a. Plaintiff Heidlage was discriminated against after objecting to the COVID-19 vaccine based on her sincerely held religious beliefs and medical/disability status.

b. Plaintiff Heidlage's sincerely held religious beliefs and medical/disability status prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Heidlage requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on October 31, 2021, Plaintiff Heidlage was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, although it was not the first time she was pulled, on or around December 23, 2021, Plaintiff Heidlage was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure. She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Heidlage did not have a sincerely held religious belief or medical/disability status preventing her from taking the vaccine,

she would have been permitted to work the trip and earn income including any applicable incentive pay.

f.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Heidlage timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Heidlage's charge is attached hereto in **Composite Exhibit A.**

g.  Plaintiff Heidlage received a Right to Sue from the EEOC on or about January 18, 2023. A copy of Plaintiff Heidlage's Right to Sue is attached hereto in **Composite Exhibit B**.

h.  Plaintiff Heidlage has exhausted her administrative remedies.

72.  Brooke Heinrich is a citizen and resident of the state of Idaho and county of Twin Falls. She is a current employee and a flight attendant for SWA.

a.  Plaintiff Heinrich was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b.  Plaintiff Heinrich's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Heinrich requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on December 2, 2021, Plaintiff Heinrich was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around December 16, 2021, Plaintiff Heinrich was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period. Not only did she lose income, but Plaintiff Heinrich was expected to supply her own transportation to the airport despite no prior warning of the need to do so.

e. If Plaintiff Heinrich did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Heinrich timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Heinrich's

charge is attached hereto in **Composite Exhibit A.**

g. Plaintiff Heinrich received a Right to Sue from the EEOC on or about January 13, 2023. A copy of Plaintiff Heinrich's Right to Sue is attached hereto in **Composite Exhibit B**.

h. Plaintiff Heinrich has exhausted her administrative remedies.

73.    Robert Hendrickson is a citizen and resident of the state of Arizona and county of Maricopa. He is a current employee and a flight attendant for SWA.

a. Plaintiff Hendrickson was discriminated against after exercising his sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Hendrickson's sincerely held religious beliefs prevent him from taking the COVID-19 vaccine. Therefore, Plaintiff Hendrickson requested a religious exemption from SWA's COVID-19 policies.

c. Despite his religious exemption request being granted on November 28, 2021, Plaintiff Hendrickson was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

112

d. For instance, on or around January 4, 2022 Plaintiff Hendrickson was removed from his upcoming flights and forced to quarantine due to an alleged COVID-19 exposure. He also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Hendrickson did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Hendrickson timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Hendrickon's charge is attached hereto in **Composite Exhibit A.**

g. Plaintiff Hendrickson received a Right to Sue from the EEOC on or about January 18, 2023. A copy of Plaintiff Hendrickson's Right to Sue is attached hereto in **Composite Exhibit B**.

h. Plaintiff Hendrickson has exhausted his administrative remedies.

74.    Jackie Henin is a citizen and resident of the state of Minnesota and county of Dakota. She is a current employee and a flight attendant for SWA.

113

a. Plaintiff Henin was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Henin's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Henin requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on November 22, 2021, Plaintiff Henin was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around December 21, 2021, Plaintiff Henin was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Henin did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. In response to the discriminatory policies SWA enacted, on or about

November 14, 2022, Plaintiff Henin timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Henin's charge is attached hereto in **Composite Exhibit A.**

g. Plaintiff Henin received a Right to Sue from the EEOC on or about January 18, 2023. A copy of Plaintiff Henin's Right to Sue is attached hereto in **Composite Exhibit B**.

h. Plaintiff Henin has exhausted her administrative remedies.

75. Kimberly Hensley is a citizen and resident of the state of Colorado and county of Douglas. She is a current employee and a flight attendant for SWA.

a. Plaintiff Hensley was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Hensley's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine; therefore, she qualified for an exemption from SWA's COVID-19 policy. However, in expressing her sincerely held religious beliefs and objecting to behavior that violates her sincerely held religious beliefs, Plaintiff Hensley did not file for a religious exemption.

115

c. Despite not filing an exemption, Plaintiff Hensley believed she would be treated the same as those without sincerely held religious beliefs. This was not the case and Plaintiff Hensley was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, although not the first time she was removed from a flight, on or around December 29, 2021, Plaintiff Hensley was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Hensley did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Hensley timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Hensley's charge is attached hereto in **Composite Exhibit A.**

116

g.  Plaintiff Hensley received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Hensley's Right to Sue is attached hereto in **Composite Exhibit B**.

h.  Plaintiff Hensley has exhausted her administrative remedies.

76.  Maureen Houser is a citizen and resident of the state of Iowa and county of Pottawattamie. She is a current employee and a flight attendant for SWA.

a.  Plaintiff Houser was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b.  Plaintiff Houser's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine; therefore, she qualified for an exemption from SWA's COVID-19 policy. However, in expressing her sincerely held religious beliefs and objecting to behavior that violates her sincerely held religious beliefs, Plaintiff Houser did not file for a religious exemption.

c.  Despite not filing an exemption, Plaintiff Houser believed she would be treated the same as those without sincerely held religious beliefs. This was not the case and Plaintiff Houser was treated

117

differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around December 26, 2021, Plaintiff Houser was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Houser did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Houser timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Houser's charge is attached hereto in **Composite Exhibit A.**

g. Plaintiff Houser received a Right to Sue from the EEOC on or about January 13, 2023. A copy of Plaintiff Houser's Right to Sue is attached hereto in **Composite Exhibit B**.

h. Plaintiff Houser has exhausted her administrative remedies.

77.     Shannon Johnson is a citizen and resident of the state of Arizona and county of Peoria. She is a current employee and a flight attendant for SWA.

    a. Plaintiff Johnson was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

    b. Plaintiff Johnson's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Johnson requested a religious exemption from SWA's COVID-19 policies.

    c. Despite her religious exemption request being granted on October 30, 2021, Plaintiff Johnson was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

    d. For instance, on or around December 29, 2021, Plaintiff Johnson was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

    e. If Plaintiff Johnson did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any

applicable incentive pay.

    f.  In response to the discriminatory policies SWA enacted, on or about March 3, 2022, Plaintiff Johnson timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC").

    g.  On or about November 14, 2022, Plaintiff Johnson timely filed an amended charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC") to include additional acts of discrimination and retaliation committed by the Defendant that had occurred past her original filing date. A copy of Plaintiff Johnson's amended charge is attached hereto in **Composite Exhibit A.**

    h.  Plaintiff Johnson received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Johnson's Right to Sue is attached hereto in **Composite Exhibit B**.

    i.  Plaintiff Johnson has exhausted her administrative remedies.

78.    Jodette Kaspar is a citizen and resident of the state of Arizona and county of Maricopa. She is a current employee and a flight attendant for SWA.

    a.  Plaintiff Kaspar was discriminated against after exercising her

sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Kaspar's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine; therefore, she qualified for an exemption from SWA's COVID-19 policy. However, in expressing her sincerely held religious beliefs and objecting to behavior that violates her sincerely held religious beliefs, Plaintiff Kaspar did not file for a religious exemption.

c. Despite not filing an exemption, Plaintiff Kaspar believed she would be treated the same as those without sincerely held religious beliefs. This was not the case and Plaintiff Kaspar was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around November 29, 2021, Plaintiff Kaspar was contacted about an alleged COVID-19 exposure. Although she did not have any trips scheduled during the quarantine period, she was unable to pick up additional trips and earn income during the quarantine period.

e. Weeks later, on or around December 29, 2021, Plaintiff Kaspar was

again removed from her current and upcoming flights and forced to quarantine due to an alleged COVID-19 exposure. She also was unable to pick up additional trips and earn income during the quarantine period.

f.  If Plaintiff Kaspar did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

g.  On one of the trips Plaintiff Kaspar was not permitted to fly, she was in Hawaii. As Hawaii is not her home location, SWA mandated she remain in her hotel room and was not permitted to leave despite it being her personal, non-flying time.

h.  SWA employees who did not have sincerely held religious beliefs preventing them from getting the vaccine were permitted to leave their hotel room when exposed.

i.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Kaspar timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Kaspar's

charge is attached hereto in **Composite Exhibit A.**

j. Plaintiff Kaspar received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Kaspar's Right to Sue is attached hereto in **Composite Exhibit B**.

k. Plaintiff Kaspar has exhausted her administrative remedies.

79. Susan Keith is a citizen and resident of the state of Wisconsin and county of Waukesha. She is a current employee and a flight attendant for SWA.

a. Plaintiff Keith was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Keith's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Keith requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on December 3, 2021, Plaintiff Keith was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around December 28, 2021, Plaintiff Keith was

123

removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e.   If Plaintiff Keith did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f.   In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Keith timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Keith's charge is attached hereto in **Composite Exhibit A.**

g.   Plaintiff Keith received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Keith's Right to Sue is attached hereto in **Composite Exhibit B**.

h.   Plaintiff Keith has exhausted her administrative remedies.

80.   Genienne Kilsby is a citizen and resident of the state of Texas and county of Hays. She is a current employee and a flight attendant for SWA.

a.   Plaintiff Kilsby was discriminated against after exercising her

124

sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Kilsby's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Kilsby requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on November 19, 2021, Plaintiff Kilsby was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around December 24, 2021, Plaintiff Kilsby was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Kilsby did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Kilsby timely filed a charge of

discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Kilsby's charge is attached hereto in **Composite Exhibit A.**

g. Plaintiff Kilsby received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Kilsby's Right to Sue is attached hereto in **Composite Exhibit B**.

h. Plaintiff Kilsby has exhausted her administrative remedies.

81.   Patricia Karen Kinch is a citizen and resident of the state of Washington and county of Adams. She is a former employee and was a flight attendant for SWA.

a. Plaintiff Kinch was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Kinch's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Kinch requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on December 8, 2021, Plaintiff Kinch was treated differently than others without sincerely held religious beliefs preventing them from

getting the vaccine.

d. For instance, on or around December 30, 2021, Plaintiff Kinch was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Kinch did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. Ultimately, the discrimination Plaintiff Kinch faced was so severe that she felt compelled to resign.

g. On or around January 27, 2022, Plaintiff Kinch sent her resignation letter to SWA. In her letter, Plaintiff Kinch let her supervisors know that SWA had allowed a hostile work environment to grow.

h. Upon resigning, Plaintiff Kinch also sent emails to Gary Kelly, Bob Jordan, and Sonya Lacore regarding her concerns.

i. No one answered her email or complaint, and her concerns were ignored.

    j.   In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Kinch timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Kinch's charge is attached hereto in **Composite Exhibit A.**

    k.   Plaintiff Kinch received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Kinch's Right to Sue is attached hereto in **Composite Exhibit B**.

    l.   Plaintiff Kinch has exhausted her administrative remedies.

82.    Sherry Kuster is a citizen and resident of the state of Illinois and county of DuPage. She is a current employee and a flight attendant for SWA.

    a.   Plaintiff Kuster was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

    b.   Plaintiff Kuster's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Kuster requested a religious exemption from SWA's COVID-19 policies.

    c.   Despite her religious exemption request being granted on November 16, 2021, Plaintiff Kuster was treated differently than

others without sincerely held religious beliefs preventing them from getting the vaccine.

d.  For instance, on or around December 28, 2021, Plaintiff Kuster was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e.  If Plaintiff Kuster did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f.  As an example, Plaintiff Kuster flew with fellow flight attendant April Sadowsky. Since Ms. Sadowsky did not have a sincerely held religious belief preventing her from getting the vaccine, despite the alleged exposure, Ms. Sadowsky was permitted to continue flying with pay and was instructed only to monitor for symptoms.

g.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Kuster timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Kuster's

charge is attached hereto in **Composite Exhibit A.**

h. Plaintiff Kuster received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Kuster's Right to Sue is attached hereto in **Composite Exhibit B**.

i. Plaintiff Kuster has exhausted her administrative remedies.

83. Hank Landman is a citizen and resident of the state of Nevada and county of Washoe. He is a current employee and a pilot for SWA.

a. Plaintiff Landman was discriminated against after exercising his sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Landman's sincerely held religious beliefs prevent him from taking the COVID-19 vaccine. Therefore, Plaintiff Landman requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on December 7, 2021, Plaintiff Landman was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, on or around December 28, 2021, Plaintiff Landman

was removed from his upcoming flights and forced to quarantine due to an alleged COVID-19 exposure. He also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Landman did not have a sincerely held religious belief preventing him from taking the vaccine, he would have been permitted to work the trip and earn income including any applicable incentive pay.

f. Based on the discriminatory practices SWA enacted, Plaintiff Landman complained to Captain Ford Frazier in the Oakland Chief's Pilot Office.

g. In his complaint, Plaintiff Landman explained he felt discrimination against because of his religious beliefs and that he planned to pursue further action.

h. Plaintiff Landman's complaint was never addressed.

i. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Landman timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Landman's charge is attached hereto in **Composite Exhibit A.**

131

j. Plaintiff Landman received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Landman's Right to Sue is attached hereto in **Composite Exhibit B**.

k. Plaintiff Landman has exhausted his administrative remedies.

84. Falan Lannoy is a citizen and resident of the state of Utah and county of Davis. She is a current employee and a flight attendant for SWA.

a. Plaintiff Lannoy was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Lannoy's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Lannoy requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on November 24, 2021, Plaintiff Lannoy was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, on or around December 16, 2021, Plaintiff Lannoy was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure. She also was unable to pick up

132

additional trips and earn income during the quarantine period.

e.  If Plaintiff Lannoy did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f.  The same day Plaintiff Lannoy was notified of the alleged exposure by SWA, she also tested negative for COVID-19 and emailed the results to her base. Despite such, she was still removed from her flight and was not paid.

g.  In contrast, Ms. Katy Shakespeare, who does not have a sincerely held religious belief preventing them from getting the vaccine, tested positive for COVID-19 but was paid for her trip removal.

h.  In response to the discriminatory policies SWA enacted, on or about March 2, 2022, 2022, Plaintiff Lannoy timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC").

i.  On or about November 14, Plaintiff Lannoy timely filed an amended charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC") to include additional acts of

133

discrimination and retaliation committed by the Defendant that had occurred past her original filing date. A copy of Plaintiff Lannoy's amended charge is attached hereto in **Composite Exhibit A.**

j.  Plaintiff Lannoy received a Right to Sue from the EEOC on or about January 12, 2023. A copy of Plaintiff Lannoy's Right to Sue is attached hereto in **Composite Exhibit B**.

k.  Plaintiff Lannoy has exhausted her administrative remedies.

85.   Jacqueline Laux is a citizen and resident of the state of Virginia and county of Virginia Beach. She is a current employee and a flight attendant for SWA.

a.  Plaintiff Laux was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b.  Plaintiff Laux's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine; therefore, she qualified for an exemption from SWA's COVID-19 policy. However, in expressing her sincerely held religious beliefs and objecting to behavior that violates her sincerely held religious beliefs, Plaintiff Laux did not file for a religious exemption.

134

c.  Despite not filing an exemption, Plaintiff Laux believed she would be treated the same as those without sincerely held religious beliefs. This was not the case and Plaintiff Laux was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d.  For instance, on or around December 23, 2021, Plaintiff Laux was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e.  If Plaintiff Laux did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Laux timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Laux's charge is attached hereto in **Composite Exhibit A.**

g.  Plaintiff Laux received a Right to Sue from the EEOC on or about

January 12, 2023. A copy of Plaintiff Laux's Right to Sue is attached hereto in **Composite Exhibit B**.

h. Plaintiff Laux has exhausted her administrative remedies.

86.    Joseph Lazar is a citizen and resident of the state of Illinois and the county of Lake. He is a current employee and a pilot for SWA.

a. Plaintiff Lazar was discriminated against after exercising his sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Lazar's sincerely held religious beliefs prevent him from taking the COVID-19 vaccine. Therefore, Plaintiff Lazar requested a religious exemption from SWA's COVID-19 policies.

c. Despite his religious exemption request being granted on November 11, 2021, Plaintiff Lazar was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, in addition to being previously removed, on or around December 13, 2021, Plaintiff Lazar was removed from his upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  He also was unable to pick up additional trips and earn

income during the quarantine period.

e.  If Plaintiff Lazar did not have a sincerely held religious belief preventing him from taking the vaccine, he would have been permitted to work the trip and earn income including any applicable incentive pay.

f.  Plaintiff Lazar voiced his concerns regarding the discrimination he faced by providing written feedback in a company survey.

g.  Additionally, Plaintiff Lazar made his concerns known in front of a large group of SWA pilots at a training event in November 2021.

h.  At the event, Plaintiff Lazar spoke with Mr. Bob Waltz, the former Vice President of SWA Flight Operations. Mr. Waltz invited Plaintiff Lazar to write to him personally and address his concerns. Plaintiff Lazar wrote Mr. Waltz.

i.  Mr. Waltz never responded to Plaintiff Lazar's concerns and Plaintiff Lazar did not receive any follow up or response to his complaint of discrimination.

j.  In response to the discriminatory policies SWA enacted, on or about February 2, 2022, Plaintiff Lazar timely filed a charge of discrimination against SWA with the Equal Employment

Opportunity Commission ("EEOC").

k. On or about November 14, 2022, Plaintiff Lazar timely filed an amended charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC") to include additional acts of discrimination and retaliation committed by the Defendant that had occurred past his original filing date. A copy of Plaintiff Lazar's amended charge is attached hereto in **Composite Exhibit A.**

l. Plaintiff Lazar received a Right to Sue from the EEOC on or about January 12, 2023. A copy of Plaintiff Lazar's Right to Sue is attached hereto in **Composite Exhibit B**.

m. Plaintiff Lazar has exhausted his administrative remedies.

87.    Karen Leeper is a citizen and resident of the state of Nebraska and county of Douglas. She is a current employee and a flight attendant for SWA.

a. Plaintiff Leeper was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Leeper's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Leeper requested

a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on December 15, 2021, Plaintiff Leeper was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, on or around January 2, 2022 Plaintiff Leeper was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Leeper did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. In response to the discriminatory policies SWA enacted, on or about May 5, 2022, Plaintiff Leeper timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC").

g. On or about November 14, 2022, Plaintiff Leeper timely filed an amended charge of discrimination against SWA with the Equal

Employment Opportunity Commission ("EEOC") to include additional acts of discrimination and retaliation committed by the Defendant that had occurred past her original filing date. A copy of Plaintiff Leeper's amended charge is attached hereto in **Composite Exhibit A.**

h. Plaintiff Leeper received a Right to Sue from the EEOC on or about January 13, 2023. A copy of Plaintiff Leeper's Right to Sue is attached hereto in **Composite Exhibit B**.

i. Plaintiff Leeper has exhausted her administrative remedies.

88. Audra Lepp is a citizen and resident of the state of Arizona and county of Maricopa. She is a current employee and a flight attendant for SWA.

a. Plaintiff Lepp was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Lepp's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine; therefore, she qualified for an exemption from SWA's COVID-19 policy. However, in expressing her sincerely held religious beliefs and objecting to behavior that violates her sincerely held religious beliefs, Plaintiff Lepp did not

file for a religious exemption.

c.  Specifically, Plaintiff Lepp did not file a religious exemption out of fear of retaliation as she had already been discriminated against based on her sincerely held religious beliefs previously.

d.  Captain Drew Pitts did not allow Plaintiff Lepp to enter the cockpit after he assumed her vaccination status during a bathroom break, which thus did not allow Plaintiff Lepp to complete her job duties.

e.  During the incident, Captain Pitts made a comment using the plane's telephone and stated "send someone up who is vaccinated this time" even though he had previously allowed her into the cockpit on prior occasions.

f.  Then, on or around December 25, 2021, Plaintiff Lepp was again discriminated against when she was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

g.  If Plaintiff Lepp did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any

141

applicable incentive pay.

h. In response to the discriminatory policies SWA enacted, on or about February 24, 2022, Plaintiff Lepp timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC").

i. On or about November 14, 2022, Plaintiff Lepp timely filed an amended charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC") to include additional acts of discrimination and retaliation committed by the Defendant that had occurred past her original filing date. A copy of Plaintiff Lepp's amended charge is attached hereto in **Composite Exhibit A.**

j. Plaintiff Lepp received a Right to Sue from the EEOC on or about January 13, 2023. A copy of Plaintiff Lepp's Right to Sue is attached hereto in **Composite Exhibit B**.

k. Plaintiff Lepp has exhausted her administrative remedies.

89.    Jenann Logan is a citizen and resident of the state of Nevada and county of Clark. She is a current employee and a flight attendant for SWA.

a. Plaintiff Logan was discriminated against after exercising her

142

sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Logan's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Logan requested a religious exemption from SWA's COVID-19 policies.

c. Plaintiff Logan had originally requested to receive exemption paperwork in October 2021, but her request was not granted until March 1, 2022. Despite her religious exemption request being granted, Plaintiff Logan was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, on or around December 24, 2021, Plaintiff Logan was removed from her upcoming flights and forced to quarantine due to testing positive for COVID-19.

e. Although SWA compensated her partially for the trip, she was supposed to be paid for the entire trip and was only paid partially, likely in retaliation for exercising her religious beliefs.

f. SWA employees who did not have sincerely held religious beliefs preventing them from getting the vaccine who tested positive for

COVID-19 were supposed to paid for their entire quarantine period.

g.  In response to the discriminatory policies SWA enacted, on or about February 15, 2022, Plaintiff Logan timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC").

h.  On or about February 18, 2022, Plaintiff Logan timely filed an amended charge of discrimination against SWA with the EEOC.

i.  On or about November 14, 2022, Plaintiff Logan timely filed an amended charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC") to include additional acts of discrimination and retaliation committed by the Defendant that had occurred past her original filing date. A copy of Plaintiff Logan's amended charge is attached hereto in **Composite Exhibit A.**

j.  Plaintiff Logan received a Right to Sue from the EEOC on or about January 13, 2023. A copy of Plaintiff Logan's Right to Sue is attached hereto in **Composite Exhibit B**.

k.  Plaintiff Logan has exhausted her administrative remedies.

90.  Kaylene Lujan is a citizen and resident of the state of New Mexico and

county of Bernalillo. She is a current employee and a flight attendant for SWA.

    a. Plaintiff Lujan was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

    b. Plaintiff Lujan's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Lujan requested a religious exemption from SWA's COVID-19 policies.

    c. Despite her religious exemption request being granted on October 16, 2021, Plaintiff Lujan was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

    d. For instance, on or around December 21, 2021, Plaintiff Lujan was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

    e. Then, on or around December 30, 2021, Plaintiff Lujan herself tested positive for COVID-19. She continued to be removed from trips but was not paid.

    f. In comparison, fellow SWA employees Delyn Marlow and Arlo

Lujan also tested positive for COVID-19 but were paid for their quarantine period. They did not have sincerely held religious beliefs preventing them from getting the COVID-19 vaccine.

g. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Lujan timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Lujan's charge is attached hereto in **Composite Exhibit A.**

h. Plaintiff Lujan received a Right to Sue from the EEOC on or about January 13, 2023. A copy of Plaintiff Lujan's Right to Sue is attached hereto in **Composite Exhibit B**.

i. Plaintiff Lujan has exhausted her administrative remedies.

91. Beverly Marquart is a citizen and resident of the state of Texas and county of Tarrant. She is a current employee and a flight attendant for SWA.

a. Plaintiff Marquart was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Marquart's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine; therefore, she qualified for an

146

exemption from SWA's COVID-19 policy. However, in expressing her sincerely held religious beliefs and objecting to behavior that violates her sincerely held religious beliefs, Plaintiff Marquart did not file for a religious exemption.

c.  Despite not filing an exemption, Plaintiff Marquart believed she would be treated the same as those without sincerely held religious beliefs. This was not the case and Plaintiff Marquart was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d.  For instance, on or around January 2, 2022, Plaintiff Marquart was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e.  If Plaintiff Marquart did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f.  As an example, Plaintiff Marquart flew with fellow flight attendants Cynthia Brooks and Breyana Grigsby. Since Ms. Brooks and Ms.

147

Grigsby did not have sincerely held religious beliefs preventing them from getting the vaccine, despite the alleged exposure, both were permitted to continue flying with pay and were instructed only to monitor for symptoms.

g. On or around January 2, 2022, Plaintiff Marquart called her supervisor and complained about the discrimination she faced. In response, even knowing Plaintiff Marquart's vaccination status is based upon her sincerely held religious belief, her supervisor called her a "danger."

h. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Marquart timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Marquart's charge is attached hereto in **Composite Exhibit A.**

i. Plaintiff Marquart received a Right to Sue from the EEOC on or about January 18, 2023. A copy of Plaintiff Marquart's Right to Sue is attached hereto in **Composite Exhibit B**.

j. Plaintiff Marquart has exhausted her administrative remedies.

92. Margo Martin is a citizen and resident of the state of Texas and county

of Brazoria. She is a current employee and a flight attendant for SWA.

a. Plaintiff Martin was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Martin's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Martin requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on November 23, 2021, Plaintiff Martin was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, on or around December 25, 2021, Plaintiff Martin was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Martin did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

149

f. During her mandated quarantine, SWA arranged a hotel for Plaintiff Martin but did not allow her to ride the shuttle. Therefore, Plaintiff Martin was forced to use a ride sharing application in an unfamiliar city, late at night.

g. After the discriminatory ordeal Plaintiff Martin encountered, she lodged a complaint with Dori Peveto Hou, inflight manager, and Carol English and Gerald Holloway, inflight supervisors.

h. Plaintiff Martin received no substantive feedback regarding her complaints.

i. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Martin timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Martin's charge is attached hereto in **Composite Exhibit A.**

j. Plaintiff Martin received a Right to Sue from the EEOC on or about January 13, 2023. A copy of Plaintiff Martin's Right to Sue is attached hereto in **Composite Exhibit B**.

k. Plaintiff Martin has exhausted her administrative remedies.

93. Roberta Martinez is a citizen and resident of the state of California

and county of Solano. She is a current employee and a flight attendant for SWA.

    a. Plaintiff Martinez was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

    b. Plaintiff Martinez's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Martinez requested a religious exemption from SWA's COVID-19 policies.

    c. Despite her religious exemption request being granted on December 1, 2021 Plaintiff Martinez was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

    d. For instance, on or around January 2, 2022, Plaintiff Martinez was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

    e. If Plaintiff Martinez did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f.  As an example, Plaintiff Martinez was aware of fellow flight attendants Jacqueline Stoddard, Sabrina Edge, Dan Freeman, Jeanine Griffin, and Lisa Rison who all did not have a sincerely held religious belief preventing them from getting the vaccine.

g.  Despite the above-mentioned fellow flight attendants allegedly being exposed to COVID-19, they were all permitted to continue flying with pay and were instructed only to monitor for symptoms.

h.  Additionally, Plaintiff Martinez's home base is in Oakland, which won base of the year in 2019. Even though SWA knew many employees had sincerely held religious beliefs preventing them from getting the vaccine, SWA chose to hold the delayed celebration in 2021 at a venue that required vaccinations, only furthering the religious discrimination Plaintiff Martinez suffered.

i.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Martinez timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Martinez's charge is attached hereto in **Composite Exhibit A.**

j.  Plaintiff Martinez received a Right to Sue from the EEOC on or

about January 18, 2023. A copy of Plaintiff Martinez's Right to Sue is attached hereto in **Composite Exhibit B**.

k. Plaintiff Martinez has exhausted her administrative remedies.

94. Charlotte Martz is a citizen and resident of the state of Florida and county of Osceola. She is a current employee and a flight attendant for SWA.

a. Plaintiff Martz was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Martz's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Martz requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on October 10, 2021, Plaintiff Martz was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, in early January 2022, Plaintiff Martz was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure. She also was unable to pick up additional trips and earn income during the quarantine period.

153

e. If Plaintiff Martz did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Martz timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Martz's charge is attached hereto in **Composite Exhibit A.**

g. Plaintiff Martz received a Right to Sue from the EEOC on or about January 18, 2023. A copy of Plaintiff Martz's Right to Sue is attached hereto in **Composite Exhibit B**.

h. Plaintiff Martz has exhausted her administrative remedies.

95.    Warren Maxvill is a citizen and resident of the state of Nevada and county of Clark. He is a current employee and a flight attendant for SWA.

a. Plaintiff Maxvill was discriminated against after exercising his sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Maxvill's sincerely held religious beliefs prevent him from

taking the COVID-19 vaccine. Therefore, Plaintiff Maxvill requested a religious exemption from SWA's COVID-19 policies.

c.  Despite her religious exemption request being granted on October 31, 2021, Plaintiff Maxvill was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d.  For instance, on or around December 28, 2021, Plaintiff Maxvill was removed from his upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  He also was unable to pick up additional trips and earn income during the quarantine period.

e.  Days later, Plaintiff Maxville was informed of another alleged exposure and so his quarantine period was extended in which he was unable to pick up additional trips or earn income for an additional period of time.

f.  If Plaintiff Maxvill did not have a sincerely held religious belief preventing him from taking the vaccine, he would have been permitted to work the trip and earn income including any applicable incentive pay.

g.  In response to the discriminatory policies SWA enacted, on or about

November 14, 2022, Plaintiff Maxvill timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Maxvill's charge is attached hereto in **Composite Exhibit A.**

h.  Plaintiff Maxvill received a Right to Sue from the EEOC on or about January 18, 2023. A copy of Plaintiff Maxvill's Right to Sue is attached hereto in **Composite Exhibit B**.

i.  Plaintiff Maxvill has exhausted her administrative remedies.

96.     Erin McAuliffe-Brown is a citizen and resident of the state of Texas and county of Dallas. She is a current employee and a flight attendant for SWA.

a.  Plaintiff McAuliffe-Brown was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b.  Plaintiff McAullife-Brown's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff McAullife-Brown's requested a religious exemption from SWA's COVID-19 policies.

c.  Despite her religious exemption request being granted on November 4, 2021, Plaintiff McAullife-Brown's was treated

156

differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, on or around December 27, 2021, Plaintiff McAullife-Brown was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure. She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff McAullife-Brown's did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. During her mandatory quarantine, SWA stranded Plaintiff McAullife-Brown in an unfamiliar city. Therefore, she was forced to find her own way home.

g. In doing so, Plaintiff McAullife-Brown was disciplined for finding her own way home.

h. Then again, on or around December 31, 2021, Plaintiff McAullife-Brown was again notified of an alleged exposure in which she was again removed from her upcoming flights and was unable to pick

157

up additional trips or earn income during the quarantine period.

i. These instances were not the first time Plaintiff McAullife-Brown had been discriminated by SWA for her sincerely held religious beliefs.

j. In late 2019, Plaintiff McAullife-Brown was disciplined in response to a comment she made on her private and personal Facebook account about her sincerely held religious beliefs.

k. Initially, Plaintiff McAullife-Brown only received a thirty-day suspension, however, she was eventually terminated for the incident.

l. Plaintiff McAullife-Brown asserted her rights and recognized she was retaliated against for her sincerely held religious beliefs, and she was reinstated after being unemployed by SWA for over sixteen months after winning her arbitration.

m. Since then, and including the above-mentioned events, Plaintiff McAullife-Brown has been retaliated against on numerous occasions.

n. Recently, Plaintiff McAullife-Brown was following safety protocol when correcting a Ground Ops Agent who did not open the forward

entry door in a timely manner.

o. Despite Plaintiff McAullife-Brown's behavior being reinforced by a Pilot in which the pilot sent an email to SWA in support of her actions, she was suspended for the event.

p. Since then, Plaintiff McAullife-Brown has suffered many instances in which she has attempted to rectify the discipline against her to no avail.

q. In response to the discriminatory policies SWA enacted, on or about June 6, 2022, Plaintiff McAuliffe-Brown timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC").

r. On or about November 14, Plaintiff McAuliffe-Brown timely filed an amended charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC") to include additional acts of discrimination and retaliation committed by the Defendant that had occurred past her original filing date. A copy of Plaintiff McAulliffe-Brown's amended charge is attached hereto in **Composite Exhibit A.**

s. Plaintiff McAuliffe-Brown received a Right to Sue from the EEOC

on or about January 13, 2023. A copy of Plaintiff McAuliffe-Brown's Right to Sue is attached hereto in **Composite Exhibit B**.

t. Plaintiff McAuliffe-Brown has exhausted her administrative remedies.

97. Debi McConnell is a citizen and resident of the state of Texas and county of Tarrant. She is a current employee and a flight attendant for SWA.

a. Plaintiff McConnell was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff McConnell's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff McConnell requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on November 4, 2021, Plaintiff McConnell was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, on or around December 26, 2021, Plaintiff McConnell was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick

up additional trips and earn income during the quarantine period.

e.  If Plaintiff McConnell did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f.  Then, on or around December 30, 2021, Plaintiff McConnell was again notified of an alleged COVID-19 exposure. Due to the additional exposure, the time in which Plaintiff McConnell was quarantined, unable to pick up trips, and unable to earn income was extended.

g.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff McConnell timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff McConnell's charge is attached hereto in **Composite Exhibit A.**

h.  Plaintiff McConnell received a Right to Sue from the EEOC on or about January 13, 2023. A copy of Plaintiff McConnell's Right to Sue is attached hereto in **Composite Exhibit B**.

i.  Plaintiff McConnell has exhausted her administrative remedies.

161

98.    Gregory Menoche is a citizen and resident of the state of Delaware and county of Sussex. He is a current employee and a pilot for SWA.

    a. Plaintiff Menoche was discriminated against after exercising his sincerely held religious beliefs by objecting to the COVID-19 vaccine.

    b. Plaintiff Menoche's sincerely held religious beliefs prevent him from taking the COVID-19 vaccine. Therefore, Plaintiff Menoche requested a religious exemption from SWA's COVID-19 policies.

    c. Despite his religious exemption request being granted on November 29, 2021, Plaintiff Menoche was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

    d. For instance, on or around December 26, 2022, Plaintiff Menoche was removed from his upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  He also was unable to pick up additional trips and earn income during the quarantine period.

    e. This was the case despite the fact that Plaintiff Menoche tested negative for COVID-19 after being informed of the alleged exposure.

f.  If Plaintiff Menoche did not have a sincerely held religious belief preventing him from taking the vaccine, he would have been permitted to work the trip and earn income including any applicable incentive pay.

g.  As an example, Plaintiff Menoche flew with First Officer Gerald Potter. First Officer Potter tested positive for COVID-19, but since he did not have sincerely held religious beliefs that prevent him from getting the vaccine, he was paid for his quarantine time.

h.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Menoche timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Menoche's charge is attached hereto in **Composite Exhibit A.**

i.  Plaintiff Menoche received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Menoche's Right to Sue is attached hereto in **Composite Exhibit B**.

j.  Plaintiff Menoche has exhausted his administrative remedies.

99.    Gretchen Mooney is a citizen and resident of the state of Louisiana and county of Saint Tammany. She is a current employee and a flight attendant

for SWA.

   a.  Plaintiff Mooney was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

   b.  Plaintiff Mooney's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Mooney requested a religious exemption from SWA's COVID-19 policies.

   c.  Despite her religious exemption request being granted on December 20, 2021, Plaintiff Mooney was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

   d.  For instance, on or around December 30, 2021, Plaintiff Mooney was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

   e.  If Plaintiff Mooney did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Mooney timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Mooney's charge is attached hereto in **Composite Exhibit A.**

g.  Plaintiff Mooney received a Right to Sue from the EEOC on or about January 13, 2023. A copy of Plaintiff Mooney's Right to Sue is attached hereto in **Composite Exhibit B**.

h.  Plaintiff Mooney has exhausted her administrative remedies.

100.  Renita Morgan is a citizen and resident of the state of Georgia and county of Fayette. She is a current employee and a flight attendant for SWA.

a.  Plaintiff Morgan was discriminated against after objecting to the COVID-19 vaccine based on her sincerely held religious beliefs and/or medical/disability status.

b.  Plaintiff Morgan's sincerely held religious beliefs and medical/disability status prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Morgan requested a religious exemption and medical exemption from SWA's COVID-19 policies.

c.  Despite her religious exemption request being granted on

December 2, 2021, and her medical exemption request being granted on December 17, 2021, Plaintiff Morgan was treated differently than others without sincerely held religious beliefs or medical/disability statues preventing them from getting the vaccine.

d. For instance, on or around December 23, 2021, Plaintiff Morgan was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Morgan did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. If Plaintiff Morgan did not have a medical/disability status preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

g. Notably, Plaintiff Morgan was removed from her trip on or around July 21, 2021 due to an alleged COVID-19 exposure. However, at

that time, she was paid for her ten-day quarantine, demonstrating that SWA could in fact pay employees during their mandatory quarantines.

h. It was only after Plaintiff Morgan had requested a religious and medical exemption that she then went unpaid when removed from her flights.

i. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Morgan timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Morgan's charge is attached hereto in **Composite Exhibit A.**

j. Plaintiff Morgan received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Morgan's Right to Sue is attached hereto in **Composite Exhibit B**.

k. Plaintiff Morgan has exhausted her administrative remedies.

101.   Teresa Murphy is a citizen and resident of the state of Nevada and county of Clark. She is a current employee and a flight attendant for SWA.

a. Plaintiff Murphy was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19

167

vaccine.

b. Plaintiff Murphy's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Murphy requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on October 20, 2021, Plaintiff Murphy was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, on or around December 27, 2021, Plaintiff Murphy was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Murphy did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Murphy timely filed a charge of discrimination against SWA with the Equal Employment

Opportunity Commission ("EEOC"). A copy of Plaintiff Murphy's charge is attached hereto in **Composite Exhibit A.**

g. Plaintiff Murphy received a Right to Sue from the EEOC on or about January 18, 2023. A copy of Plaintiff Murphy's Right to Sue is attached hereto in **Composite Exhibit B**.

h. Plaintiff Murphy has exhausted her administrative remedies.

102. Jonni Nash is a citizen and resident of the state of Florida and county of Orange. She is a current employee and a flight attendant for SWA.

a. Plaintiff Nash was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Nash's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Nash requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on November 30, 2021, Plaintiff Nash was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, on or around December 27, 2021, Plaintiff Nash was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Nash did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. As an example, Plaintiff Nash flew with fellow employee Mr. Ronald Camaraire. Since Mr. Camaraire did not have a sincerely held religious belief preventing him from getting the vaccine, despite the alleged exposure, Mr. Camaraire was permitted to continue flying with pay and was instructed only to monitor for symptoms.

g. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Nash timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Nash's charge is attached hereto in **Composite Exhibit A.**

h. Plaintiff Nash received a Right to Sue from the EEOC on or about January 18, 2023. A copy of Plaintiff Nash's Right to Sue is attached hereto in **Composite Exhibit B**.

i. Plaintiff Nash has exhausted her administrative remedies.

103.   Leslie Nentwich is a citizen and resident of the state of Texas and county of Bexar. She is a current employee and a flight attendant for SWA.

a. Plaintiff Nentwich was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Nentwich's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Nentwich requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on December 16, 2021, Plaintiff Nentwich was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, on or around January 2, 2022, Plaintiff Nentwich was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up

additional trips and earn income during the quarantine period.

e.  If Plaintiff Nentwich did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f.  When Plaintiff Nentwich was originally notified by SWA, she informed the SWA notification employee, Margarite, that she felt she was being discriminated against and that she planned to file an EEOC Charge.

g.  After informing the SWA notification employee of her intention to file a charge, SWA notification employee Margarite promptly hung up the call.

h.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Nentwich timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Nentwich's charge is attached hereto in **Composite Exhibit A.**

i.  Plaintiff Nentwhich received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Nentwich's Right to Sue

is attached hereto in **Composite Exhibit B**.

j.  Plaintiff Nentwich has exhausted her administrative remedies.

104.    Bonnie Ophaug is a citizen and resident of the state of Pennsylvania and county of Indiana. She is a current employee and a flight attendant for SWA.

a.  Plaintiff Ophaug was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b.  Plaintiff Ophaug's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Ophaug requested a religious exemption from SWA's COVID-19 policies.

c.  Despite her religious exemption request being granted on October 31, 2021, Plaintiff Ophaug was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d.  For instance, on or around December 26, 2021, Plaintiff Ophaug was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Ophaug did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Ophaug timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Ophaug's charge is attached hereto in **Composite Exhibit A.**

g. Plaintiff Ophaug received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Ophaug's Right to Sue is attached hereto in **Composite Exhibit B**.

h. Plaintiff Ophaug has exhausted her administrative remedies.

105. David Oppedisano is a citizen and resident of the state of Pennsylvania and county of York. He is a current employee and a pilot for SWA.

a. Plaintiff Oppedisano was discriminated against after exercising his sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Oppedisano's sincerely held religious beliefs prevent him

from taking the COVID-19 vaccine. Therefore, Plaintiff Oppedisano requested a religious exemption from SWA's COVID-19 policies.

c. Despite his religious exemption request being granted on November 21, 2021, Plaintiff Oppedisano was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, on or around December 30, 2021, Plaintiff Oppedisano was removed from his upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  He also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Oppedisano did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. As an example, Plaintiff Oppedisano flew with First Officer Donald. Since First Officer Donald did not have a sincerely held religious belief preventing him from getting the vaccine, despite the alleged exposure, First Officer Donald was permitted to continue flying with pay and was instructed only to monitor for symptoms.

g. Shocked at the manner in which he was being discriminated against, Plaintiff Oppedisano complained to his direct supervisor, Chief Pilot David Fitzgerald. Despite Plaintiff Oppedisano's complaint, no action was taken.

h. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Oppedisano timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Oppedisano's charge is attached hereto in **Composite Exhibit A.**

i. Plaintiff Oppedisano received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Oppedisano's Right to Sue is attached hereto in **Composite Exhibit B**.

j. Plaintiff Oppedisano has exhausted his administrative remedies.

106. Sharon Osborne is a citizen and resident of the state of Colorado and county of Adams. She is a current employee and a flight attendant for SWA.

a. Plaintiff Osborne was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Osborne's sincerely held religious beliefs prevent her from

176

taking the COVID-19 vaccine; therefore, she qualified for an exemption from SWA's COVID-19 policy. However, in expressing her sincerely held religious beliefs and objecting to behavior that violates her sincerely held religious beliefs, Plaintiff Osborne did not file for a religious exemption.

c.  Despite not filing an exemption, Plaintiff Osborne believed she would be treated the same as those without sincerely held religious beliefs. This was not the case and Plaintiff Osborne was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d.  For instance, on or around December 31, 2021, Plaintiff Osborne was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e.  If Plaintiff Osborne did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f.  In response to the discriminatory policies SWA enacted, on or about

November 14, 2022, Plaintiff Osborne timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Osborne's charge is attached hereto in **Composite Exhibit A.**

g. Plaintiff Osborne received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Osborne's Right to Sue is attached hereto in **Composite Exhibit B**.

h. Plaintiff Osborne has exhausted her administrative remedies.

107. Lynnette Petek is a citizen and resident of the state of Washington and county of Spokane. She is a current employee and a flight attendant for SWA.

a. Plaintiff Petek was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Petek's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Petek requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on November 30, 2021, Plaintiff Petek was treated differently than others without sincerely held religious beliefs preventing them from

178

getting the vaccine.

d. For instance, on or around December 16, 2021, Plaintiff Petek was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Petek did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. Prior to submitting her religious exemption, Plaintiff Petek had been removed from trips in the past due to alleged COVID-19 exposures in which she was paid for the trips she was removed from.

g. It was only after Plaintiff Petek submitted her religious exemption that she was not paid for trips she was removed from due to supposed COVID-19 exposures.

h. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Petek timely filed a charge of discrimination against SWA with the Equal Employment

Opportunity Commission ("EEOC"). A copy of Plaintiff Petek's charge is attached hereto in **Composite Exhibit A.**

i. Plaintiff Petek received a Right to Sue from the EEOC on or about January 13, 2023. A copy of Plaintiff Petek's Right to Sue is attached hereto in **Composite Exhibit B**.

j. Plaintiff Petek has exhausted her administrative remedies.

108.    Gayla Power is a citizen and resident of the state of Texas and county of Tarrant. She is a current employee and a flight attendant for SWA.

a. Plaintiff Power was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Power's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Power requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on November 3, 2021, Plaintiff Power was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, on or around January 4, 2022, Plaintiff Power was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Power did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Power timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Power's charge is attached hereto in **Composite Exhibit A.**

g. Plaintiff Power received a Right to Sue from the EEOC on or about January 12, 2023. A copy of Plaintiff Power's Right to Sue is attached hereto in **Composite Exhibit B**.

h. Plaintiff Power has exhausted her administrative remedies.

109.    Dahna Propst is a citizen and resident of the state of Maryland and county of Howard. She is a current employee and a flight attendant for SWA.

a. Plaintiff Propst was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Propst's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Propst requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on December 15, 2021, Plaintiff Propst was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, on or around January 5, 2022, Plaintiff Propst was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure. She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Propst did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. In response to the discriminatory policies SWA enacted, on or about

November 14, 2022, Plaintiff Propst timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Propst's charge is attached hereto in **Composite Exhibit A.**

g.  Plaintiff Propst received a Right to Sue from the EEOC on or about January 13, 2023. A copy of Plaintiff Propst's Right to Sue is attached hereto in **Composite Exhibit B**.

h.  Plaintiff Propst has exhausted her administrative remedies.

110.  Maverick Quiambao is a citizen and resident of the state of Colorado and county of Douglas. He is a current employee and a flight attendant for SWA.

a.  Plaintiff Quiambao was discriminated against after exercising his sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b.  Plaintiff Quiambao's sincerely held religious beliefs prevent him from taking the COVID-19 vaccine. Therefore, Plaintiff Quiambao requested a religious exemption from SWA's COVID-19 policies.

c.  Despite his religious exemption request being granted on November 25, 2021, Plaintiff Quiambao was treated differently than others without sincerely held religious beliefs preventing them from

183

getting the vaccine.

d.  For instance, on or around January 5, 2022, Plaintiff Quiambao was removed from his upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  He also was unable to pick up additional trips and earn income during the quarantine period.

e.   If Plaintiff Quiambao did not have a sincerely held religious belief preventing him from taking the vaccine, he would have been permitted to work the trip and earn income including any applicable incentive pay.

f.  As an example, Plaintiff Quiambao was aware of fellow SWA employee Pat Lokaj who did not have a sincerely held religious belief preventing them from getting the vaccine. As such, even despite an alleged COVID-19 exposure, Pat Lokaj was permitted to continue flying with pay and was instructed only to monitor for symptoms.

g.  Likewise, SWA employee Cassey Sisson tested positive for COVID-19. Since Ms. Sisson did not have a sincerely held religious belief preventing her from getting the vaccine, Ms. Sisson was paid for her quarantine while at the time, Plaintiff Quiambao would not have

been paid for the same situation because of his sincerely held religious belief preventing him from getting the vaccine.

h. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Quiambao timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Quiambao's charge is attached hereto in **Composite Exhibit A.**

i. Plaintiff Quiambao received a Right to Sue from the EEOC on or about January 17, 2023. A copy of Plaintiff Quiambao's Right to Sue is attached hereto in **Composite Exhibit B**.

j. Plaintiff Quiambao has exhausted his administrative remedies.

111.   Jeanette Reorda is a citizen and resident of the state of Arizona and county of Maricopa. She is a current employee and a flight attendant for SWA.

a. Plaintiff Reorda was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Reorda's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Reorda requested a religious exemption from SWA's COVID-19 policies.

185

c.  Despite her religious exemption request being granted on November 20, 2021, Plaintiff Reorda was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d.  For instance, on or around December 30, 2021, Reorda was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e.  If Plaintiff Reorda did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f.  As an example, Plaintiff Reorda flew with fellow SWA employee Mr. Mark Budding. Since Mr. Budding did not have a sincerely held religious belief preventing him from getting the vaccine, despite the alleged exposure, Mr. Budding was permitted to continue flying with pay and was instructed only to monitor for symptoms.

g.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Reorda timely filed a charge of

discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Reorda's charge is attached hereto in **Composite Exhibit A.**

h. Plaintiff Reorda received a Right to Sue from the EEOC on or about January 17, 2023. A copy of Plaintiff Reorda's Right to Sue is attached hereto in **Composite Exhibit B**.

i. Plaintiff Reorda has exhausted her administrative remedies.

112. Abbie Rockhold is a citizen and resident of the state of Illinois and county of Tazewell. She is a current employee and a flight attendant for SWA.

a. Plaintiff Rockhold was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Rockhold's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Rockhold requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on November 17, 2021, Plaintiff Rockhold was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, on or around January 2, 2022 Plaintiff Rockhold was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Rockhold did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. As an example, Plaintiff Rockhold flew with fellow flight attendant John Garcia. Since Mr. Garcia did not have a sincerely held religious belief preventing him from getting the vaccine, despite the alleged exposure, Mr. Garcia was permitted to continue flying with pay and was instructed only to monitor for symptoms.

g. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Rockhold timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Rockhold's charge is attached hereto in **Composite Exhibit A.**

h. Plaintiff Rockhold received a Right to Sue from the EEOC on or

about January 11, 2023. A copy of Plaintiff Rockhold's Right to Sue is attached hereto in **Composite Exhibit B**.

i. Plaintiff Rockhold has exhausted her administrative remedies.

113. Maribel Rodriguez is a citizen and resident of the state of Texas and county of Hidalgo. She is a current employee and a flight attendant for SWA.

a. Plaintiff Rodriguez was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Rodriguez's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine.

c. Plaintiff Rodriguez has previously been removed from flights without pay in August 2021. Out of fear of being removed from further flights, Plaintiff Rodriguez requested a religious exemption from SWA's COVID-19 policies as she assumed her religious beliefs would be accommodated.

d. Despite her religious exemption request being granted on November 17, 2021, Plaintiff Rodriguez was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

189

e. Plaintiff Rodriguez was in constant fear of retaliation as she knew that employees without sincerely held religious beliefs preventing them from getting the vaccine were either permitted to be paid if they contracted COVID-19 or were authorized to continue flying and only monitor for symptoms while earning income.

f. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Rodriguez timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Rodriguez's charge is attached hereto in **Composite Exhibit A.**

g. Plaintiff Rodriguez received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Rodriguez's Right to Sue is attached hereto in **Composite Exhibit B**.

h. Plaintiff Rodriguez has exhausted her administrative remedies.

114. Christina Rogers is a citizen and resident of the state of Texas and county of Galveston. She is a current employee and a flight attendant for SWA.

a. Plaintiff Rogers was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Roger's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Rogers requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on December 7, 2021, Plaintiff Rogers was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, on or around December 25, 2021, Plaintiff Rogers was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. Upon notification of her alleged exposure, Plaintiff Rogers was offered to quarantine in a hotel room for ten days in an unfamiliar city with no forewarning, or to test negative for COVID-19 in order to fly home.

f. As Plaintiff Rogers was unprepared to be away from home for over a week, she elected to find a negative test.

g. As Plaintiff Rogers was attempting to find a test on Christmas day, she encountered trouble doing so in that she had to expend a great

deal of time taking a rideshare service around a city that she was unfamiliar with to find a test she could take.

h.  Plaintiff Rogers paid her own money to find the negative COVID-19 test.

i.  If Plaintiff Rogers did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay, and avoid the trouble she went through in finding a test.

j.  As an example, Plaintiff Rogers flew with fellow flight attendant Willis Wynn. Since Mr. Wynn did not have a sincerely held religious belief preventing him from getting the vaccine, despite the alleged exposure, Mr. Wynn was permitted to continue flying with pay and was instructed only to monitor for symptoms.

k.  In response to the discriminatory policies SWA enacted, on or about February 15, 2022, Plaintiff Rogers timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC").

l.  On or about November 14, 2022, Plaintiff Rogers timely filed an

amended charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC") to include additional acts of discrimination and retaliation committed by the Defendant that had occurred past her original filing date. A copy of Plaintiff Rogers' amended charge is attached hereto in **Composite Exhibit A.**

m. Plaintiff Rogers received a Right to Sue from the EEOC on or about January 12, 2023. A copy of Plaintiff Rogers' Right to Sue is attached hereto in **Composite Exhibit B**.

n. Plaintiff Rogers has exhausted her administrative remedies.

115. Rebecca Rutherford is a citizen and resident of the state of Florida and county of Citrus. She is a current employee and a flight attendant for SWA.

a. Plaintiff Rutherford was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Rutherford's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Rutherford requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on

November 29, 2021, Plaintiff Rutherford was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, on or around December 26, 2021, Plaintiff Rutherford was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Rutherford did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. As an example, Plaintiff Rutherford flew with fellow SWA employee Roger McKenzie. Since Mr. McKenzie does not have a sincerely held religious belief preventing him from getting the vaccine, despite the alleged exposure, Mr. McKenzie was permitted to continue flying with pay and was instructed only to monitor for symptoms.

g. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Rutherford timely filed a charge of

194

discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Rutherford's charge is attached hereto in **Composite Exhibit A.**

h. Plaintiff Rutherford received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Rutherford's Right to Sue is attached hereto in **Composite Exhibit B**.

i. Plaintiff Rutherford has exhausted her administrative remedies.

116.    Margo Rutkowski is a citizen and resident of the state of Texas and county of Tarrant. She is a current employee and a flight attendant for SWA.

a. Plaintiff Rutkowski was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Rutlowski's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine; therefore, she qualified for an exemption from SWA's COVID-19 policy. However, in expressing her sincerely held religious beliefs and objecting to behavior that violates her sincerely held religious beliefs, Plaintiff Rutkowski did not file for a religious exemption.

c. Despite not filing an exemption, Plaintiff Rutkowski believed she

would be treated the same as those without sincerely held religious beliefs. This was not the case and Plaintiff Rutkowski was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around January 4, 2022, Plaintiff Rutkowski was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure. She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Rutkowski did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. Based on the treatment she suffered, Plaintiff Rutkowski complained to a manager at a recurrent training during a base manager visit. Plaintiff Rutkowski inquired as to why those with religious objections to the vaccine were being treated differently to vaccinated employees without religious objections. He replied that it was SWA's method of "encouraging" employees to get the vaccine.

g.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Rutkowski timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Rutkowski' charge is attached hereto in **Composite Exhibit A.**

h.  Plaintiff Rutkowski received a Right to Sue from the EEOC on or about January 13, 2023. A copy of Plaintiff Rutkowski's Right to Sue is attached hereto in **Composite Exhibit B**.

i.  Plaintiff Rutkowksi has exhausted her administrative remedies.

117.  Faye Sailors is a citizen and resident of the state of California and county of Fremont. She is a current employee and a flight attendant for SWA.

a.  Plaintiff Sailors was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b.  Plaintiff Sailors's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine; therefore, she qualified for an exemption from SWA's COVID-19 policy. However, in expressing her sincerely held religious beliefs and objecting to behavior that violates her sincerely held religious beliefs, Plaintiff Sailors did not

file for a religious exemption.

c. Despite not filing an exemption, Plaintiff Sailors believed she would be treated the same as those without sincerely held religious beliefs. This was not the case and Plaintiff Sailors was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around December 30, 2021, Plaintiff Sailors was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure. She also was unable to pick up additional trips and earn income during the quarantine period.

e. Then again, on or around January 5, 2022, Plaintiff Sailors was again notified of an alleged COVID-19 exposure.

f. If Plaintiff Sailors did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

g. Additionally, Plaintiff Sailor's home base is in Oakland, which won base of the year in during this time frame. Even though SWA knew many employees had sincerely held religious beliefs preventing

them from getting the vaccine, SWA chose to hold the delayed celebration at a venue that required vaccinations, only furthering the religious discrimination Plaintiff Martinez suffered.

h. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Sailors timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Sailors' charge is attached hereto in **Composite Exhibit A.**

i. Plaintiff Sailors received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Sailors' Right to Sue is attached hereto in **Composite Exhibit B**.

j. Plaintiff Sailors has exhausted her administrative remedies.

118. Abner Sanchez is a citizen and resident of the state of Florida and county of Broward. He is a current employee and a flight attendant for SWA.

a. Plaintiff Sanchez was discriminated against after exercising his sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Sanchez's sincerely held religious beliefs prevent him from taking the COVID-19 vaccine; therefore, he qualified for an

exemption from SWA's COVID-19 policy. However, in expressing his sincerely held religious beliefs and objecting to behavior that violates his sincerely held religious beliefs, Plaintiff Sanchez did not file for a religious exemption.

c. Despite not filing an exemption, Plaintiff Sanchez believed he would be treated the same as those without sincerely held religious beliefs. This was not the case and Plaintiff Sanchez was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around December 28, 2021, Plaintiff Sanchez was removed from his upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  He also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Sanchez did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Sanchez timely filed a charge of

discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Sanchez's charge is attached hereto in **Composite Exhibit A.**

g.  Plaintiff Sanchez received a Right to Sue from the EEOC on or about January 13, 2023. A copy of Plaintiff Sanchez's Right to Sue is attached hereto in **Composite Exhibit B**.

h.  Plaintiff Sanchez has exhausted her administrative remedies.

119.   Leigh Sandoval is a citizen and resident of the state of Arizona and county of Maricopa. He is a current employee and a pilot for SWA.

a.  Plaintiff Sandoval was discriminated against after exercising his sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b.  Plaintiff Sandoval's sincerely held religious beliefs prevent him from taking the COVID-19 vaccine. Therefore, Plaintiff Sandoval requested a religious exemption from SWA's COVID-19 policies.

c.  Despite his religious exemption request being granted on November 1, 2021, Plaintiff Sandoval was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, on or around December 30, 2021, Plaintiff Sandoval was removed from his upcoming flights and forced to quarantine due to an alleged COVID-19 exposure. He also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Sandoval did not have a sincerely held religious belief preventing him from taking the vaccine, he would have been permitted to work the trip and earn income including any applicable incentive pay.

f. As an example, Plaintiff Sandoval flew with fellow SWA employee Laura Yoder. Since Ms. Yoder did not have a sincerely held religious belief preventing her from getting the vaccine, despite the alleged exposure, Ms. Yoder was permitted to continue flying with pay and was instructed only to monitor for symptoms.

g. Based on the treatment Plaintiff Sandoval suffered because of his religious beliefs, he complained to the Phoenix Assistant Chief Pilot David Harmon. Plaintiff Sandoval let Chief Pilot David Harmon know that he felt discriminated against based on his religious beliefs.

h. Plaintiff Sandoval did not receive any follow up or reply to his

complaint.

i.   In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Sandoval timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Sandoval's charge is attached hereto in **Composite Exhibit A.**

j.   Plaintiff Sandoval received a Right to Sue from the EEOC on or about January 13, 2023. A copy of Plaintiff Sandoval's Right to Sue is attached hereto in **Composite Exhibit B**.

k.   Plaintiff Sandoval has exhausted his administrative remedies.

120.   Alaina Schappell is a citizen and resident of the state of Colorado and county of Larimer. She is a current employee and a flight attendant for SWA.

a.   Plaintiff Schappell was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b.   Plaintiff Schappell's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Schappell requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on November 4, 2021, Plaintiff Schappell was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, on or around November 9, 2021, Plaintiff Schappell was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. Upon being notified of her removal from her trips, SWA also indicated to Plaintiff Schappell that she must remain in the city she was in for ten days under quarantine, or in the alternative, she could submit a negative COVID-19 test.

f. As Plaintiff Schappell had a one-year-old child at home at the time, her only viable option was to take a COVID-19 test as she was frightened that she would be forced to remain in the city by SWA and be unable to care for her son.

g. As such, Plaintiff Schappell spent over three hours running around the city via taxi to find and take a COVID-19 test.

h. While attempting to find a test, Plaintiff Schappell received a call

from her supervisor. Plaintiff Schappell explained the anxiety and stress she was under due to her one-year-old son being at home. Coldly in reply, her supervisor told her that if she could not find a test, she would have to stay in the city and would not be permitted to leave her hotel room.

i.   In addition to not being able to leave her hotel room, she did not bring enough food to last her an entire ten days and if she wanted to eat, she would have to pay to have food brough to her hotel room since she was not permitted to leave the hotel room.

j.   Then again, after one horrific ordeal, Plaintiff Schappell was again removed from her flights on or around December 30, 2021 in which she was not paid for the flights and unable to pick up additional flights.

k.   If Plaintiff Schappell did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

l.   Notably, the discriminatory experience put Plaintiff Schappell under an immense amount of stress, and such had an effect on her

physical and mental wellbeing. Approximately one week after being removed from her flight for the second time and after the horrifying event in which she was unsure if she would be allowed home to see her one-year-old, Plaintiff Schappell had a miscarriage.

m. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Schappell timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Schappell's charge is attached hereto in **Composite Exhibit A.**

n. Plaintiff Schappell received a Right to Sue from the EEOC on or about January 12, 2023. A copy of Plaintiff Schappell's Right to Sue is attached hereto in **Composite Exhibit B**.

o. Plaintiff Schappell has exhausted her administrative remedies.

121.   John Souza is a citizen and resident of the state of Montana and county of Gallatin. He is a current employee and a flight attendant for SWA.

a. Plaintiff Souza was discriminated against after exercising his sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Souza's sincerely held religious beliefs prevent him from

taking the COVID-19 vaccine. Therefore, Plaintiff Souza requested a religious exemption from SWA's COVID-19 policies.

c. Despite his religious exemption request being granted on November 2, 2021, Plaintiff Souza was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, on or around December 27, 2021, Plaintiff Souza was removed from his upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  He also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Souza did not have a sincerely held religious belief preventing him from taking the vaccine, he would have been permitted to work the trip and earn income including any applicable incentive pay.

f. In response to the discriminatory policies SWA enacted, on or about May 10, 2022, Plaintiff Souza timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC").

g. On or about November 14, 2022, Plaintiff Souza timely filed an

amended charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC") to include additional acts of discrimination and retaliation committed by the Defendant that had occurred past his original filing date. A copy of Plaintiff Souza's amended charge is attached hereto in **Composite Exhibit A.**

h. Plaintiff Souza received a Right to Sue from the EEOC on or about January 12, 2023. A copy of Plaintiff Souza's Right to Sue is attached hereto in **Composite Exhibit B**.

i. Plaintiff Souza has exhausted her administrative remedies.

122. Cynthia Sowa is a citizen and resident of the state of Tennessee and county of Knox. She is a current employee and a flight attendant for SWA.

a. Plaintiff Sowa was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Sowa's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Sowa requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on

December 2, 2021, Plaintiff Sowa was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d.  For instance, on or around December 27, 2021, Plaintiff Sowa was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e.  If Plaintiff Sowa did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Sowa timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Sowa's charge is attached hereto in **Composite Exhibit A.**

g.  Plaintiff Sowa received a Right to Sue from the EEOC on or about January 12, 2023. A copy of Plaintiff Sowa's Right to Sue is attached hereto in **Composite Exhibit B**.

h.  Plaintiff Sowa has exhausted her administrative remedies.

123.    Shelley Spruill is a citizen and resident of the state of California and county of San Diego. She is a current employee and a flight attendant for SWA.

a.  Plaintiff Spruill was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b.  Plaintiff Spruill's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine; therefore, she qualified for an exemption from SWA's COVID-19 policy. However, in expressing her sincerely held religious beliefs and objecting to behavior that violates her sincerely held religious beliefs, Plaintiff Spruill did not file for a religious exemption.

c.  Despite not filing an exemption, Plaintiff Spruill believed she would be treated the same as those without sincerely held religious beliefs. This was not the case and Plaintiff Spruill was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d.  Prior to the COVID-19 pandemic, Plaintiff Spruill would fly approximately 90 to 120 hours per month. However, once the

210

COVID-19 pandemic ensured and SWA changes its policies, Plaintiff Spruill realized she was being discriminated against based on her religious beliefs.

e. Plaintiff Spruill heard other SWA employees say that unvaccinated employees do not deserve space at the hospital if they become sick. Likewise, she heard horror stories of flight attendants getting stranded in unfamiliar cities with no warning being imprisoned to hotel rooms.

f. Out of fear of discrimination and retaliation based on her sincerely held religious beliefs, Plaintiff Spruill flew less trips as she was suffering from stress and anxiety about the discriminatory working environment.

g. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Spruill timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Spruill's charge is attached hereto in **Composite Exhibit A.**

h. Plaintiff Spruill received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Spruill's Right to Sue is attached

hereto in **Composite Exhibit B**.

    i.   Plaintiff Spruill has exhausted her administrative remedies.

124.   Julie Steward is a citizen and resident of the state of Texas and county of Freestone. She is a current employee and a flight attendant for SWA.

    a.  Plaintiff Steward was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

    b.  Plaintiff Steward's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Steward requested a religious exemption from SWA's COVID-19 policies.

    c.  Despite her religious exemption request being granted on November 29, 2021, Plaintiff Steward was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

    d.  For instance, on or around January 4, 2022, Plaintiff Steward was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Steward did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Steward timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Steward's charge is attached hereto in **Composite Exhibit A.**

g. Plaintiff Steward received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Steward's Right to Sue is attached hereto in **Composite Exhibit B**.

h. Plaintiff Steward has exhausted her administrative remedies.

125. Cara Stewart is a citizen and resident of the state of Texas and county of Collin. She is a current employee and a flight attendant for SWA.

a. Plaintiff Stewart was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Stewart's sincerely held religious beliefs prevent her from

taking the COVID-19 vaccine; therefore, she qualified for an exemption from SWA's COVID-19 policy. However, in expressing her sincerely held religious beliefs and objecting to behavior that violates her sincerely held religious beliefs, Plaintiff Stewart did not file for a religious exemption.

c. Despite not filing an exemption, Plaintiff Stewart believed she would be treated the same as those without sincerely held religious beliefs. This was not the case and Plaintiff Stewart was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. For instance, on or around January 2, 2022, Plaintiff Stewart was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Stewart did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. As an example, upon being notified of the alleged exposure,

Plaintiff Stewart texted the "A" flight attendant from her trip. The "A" flight attendant informed it was her who had tested positive for COVID-19. Upon providing SWA with an at-home testing kit, the "A" flight attendant was paid for her quarantine whereas Plaintiff Stewart would not have been.

g. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Stewart timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Stewart's charge is attached hereto in **Composite Exhibit A.**

h. Plaintiff Stewart received a Right to Sue from the EEOC on or about January 12, 2023. A copy of Plaintiff Stewart's Right to Sue is attached hereto in **Composite Exhibit B**.

i. Plaintiff Stewart has exhausted her administrative remedies.

126. Wendy Swartzell is a citizen and resident of the state of Colorado and county of Jefferson. She is a current employee and a flight attendant for SWA.

a. Plaintiff Swartzell was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

215

b. Plaintiff Swartzell's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Swartzell requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on December 8, 2021, Plaintiff Swartzell was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, on or around November 27, 2022, Plaintiff Swartzell was removed from her upcoming flights and forced to quarantine because she tested positive for COVID-19.

e. Even though Plaintiff Swartzell had filed her request for her religious exemption prior to contracting COVID-19, she was not paid despite testing positive for COVID-19 while other employees without sincerely held religious beliefs that prevent them from getting the vaccine who tested positive were paid for their quarantine time.

f. If Plaintiff Swartzell did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any

216

applicable incentive pay.

g.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Swartzell timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Swartzell's charge is attached hereto in **Composite Exhibit A.**

h.  Plaintiff Swartzell received a Right to Sue from the EEOC on or about January 13, 2023. A copy of Plaintiff Swartzell's Right to Sue is attached hereto in **Composite Exhibit B**.

i.  Plaintiff Swartzell has exhausted her administrative remedies.

127.   Miranda Sykes is a citizen and resident of the state of Michigan and county of Muskegon. She is a current employee and a flight attendant for SWA.

a.  Plaintiff Sykes was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b.  Plaintiff Sykes's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine; therefore, she qualified for an exemption from SWA's COVID-19 policy. However, in expressing her sincerely held religious beliefs and objecting to behavior that

violates her sincerely held religious beliefs, Plaintiff Sykes did not file for a religious exemption.

c. Despite not filing an exemption, Plaintiff Sykes believed she would be treated the same as those without sincerely held religious beliefs. This was not the case and Plaintiff Sykes was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

d. Prior to the COVID-19 pandemic, Plaintiff Sykes was always happy, willing, and able to fly. However, once the COVID-19 pandemic ensured and SWA changes its policies in October 2021, Plaintiff Spruill realized she was being discriminated against based on her religious beliefs.

e. Plaintiff Sykes overheard stories from other flight attendants about flight attendants with sincerely held religious beliefs preventing them from getting the vaccine being stranded in unfamiliar cities and forced to remain in their hotel rooms or be disciplined and put their jobs at risk.

f. Out of fear of discrimination and retaliation based on her sincerely held religious beliefs, Plaintiff Spruill flew less trips as she was

218

suffering from stress and anxiety about the discriminatory working environment she was enduring.

g. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Sykes timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Sykes' charge is attached hereto in **Composite Exhibit A.**

h. Plaintiff Sykes received a Right to Sue from the EEOC on or about January 13, 2023. A copy of Plaintiff Sykes' Right to Sue is attached hereto in **Composite Exhibit B**.

i. Plaintiff Sykes has exhausted her administrative remedies.

128.   Toby Tripp is a citizen and resident of the state of Texas and county of Collin. He is a current employee and a flight attendant for SWA.

a. Plaintiff Tripp was discriminated against after exercising his sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Tripp's sincerely held religious beliefs prevent him from taking the COVID-19 vaccine. Therefore, Plaintiff Tripp requested a religious exemption from SWA's COVID-19 policies.

219

c. Despite his religious exemption request being granted on November 30, 2021, Plaintiff Tripp was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, on or around December 29, 2021, Plaintiff Tripp was removed from his upcoming flights and forced to quarantine due to an alleged COVID-19 exposure. He also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Tripp did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. As an example, Plaintiff Tripp flew with fellow SWA employee Brian Estevez. Since Mr. Estevez did not have a sincerely held religious belief preventing him from getting the vaccine, despite the alleged exposure, Mr. Estevez was permitted to continue flying with pay and was instructed only to monitor for symptoms.

g. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Tripp timely filed a charge of

discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Tripp's charge is attached hereto in **Composite Exhibit A.**

h. Plaintiff Tripp received a Right to Sue from the EEOC on or about January 13, 2023. A copy of Plaintiff Tripp's Right to Sue is attached hereto in **Composite Exhibit B**.

i. Plaintiff Tripp has exhausted his administrative remedies.

129.  Jill Van der Werff is a citizen and resident of the state of Texas and county of Montgomery. She is a current employee and a flight attendant for SWA.

a. Plaintiff Van der Werff was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Van der Werff's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Van der Werff requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on November 22, 2021, Plaintiff Van der Werff was treated differently than others without sincerely held religious beliefs preventing them

221

from getting the vaccine.

d. For instance, on or around January 4, 2022, Plaintiff Ballinger was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Van der Werff did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Van der Werff timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Van der Werff's charge is attached hereto in **Composite Exhibit A.**

g. Plaintiff Van der Werff received a Right to Sue from the EEOC on or about January 13, 2023. A copy of Plaintiff Van der Werff's Right to Sue is attached hereto in **Composite Exhibit B**.

h. Plaintiff Van der Werff has exhausted her administrative remedies.

130.   Brityn Vance is a citizen and resident of the state of Missouri and

county of Clay. She is a current employee and a flight attendant for SWA.

 a. Plaintiff Vance was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

 b. Plaintiff Vance's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine; therefore, she qualified for an exemption from SWA's COVID-19 policy. However, in expressing her sincerely held religious beliefs and objecting to behavior that violates her sincerely held religious beliefs, Plaintiff Vance did not file for a religious exemption.

 c. Despite not filing an exemption, Plaintiff Vance believed she would be treated the same as those without sincerely held religious beliefs. This was not the case and Plaintiff Vance was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

 d. For instance, on or around December 20, 2021, Plaintiff Vance was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e.  When being notified about the alleged COVID-19 exposure by SWA, Plaintiff Vance was told she needed to secure her own hotel room in the city she was in, and to wait for a call from the base for further instructions.

f.  Almost twenty-four hours went by with no contact from Plaintiff Vance's base. Therefore, she had been left stranded in an unfamiliar city, alone with no direction. After additional hours of waiting, Plaintiff Vance made the decision to fly home on another airline at her own expense since no one from SWA had reached out to her to discuss her options.

g.  If Plaintiff Vance did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

h.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Vance timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Vance's charge is attached hereto in **Composite Exhibit A.**

224

i.  Plaintiff Vance received a Right to Sue from the EEOC on or about January 17, 2023. A copy of Plaintiff Vance's Right to Sue is attached hereto in **Composite Exhibit B**.

j.  Plaintiff Vance has exhausted her administrative remedies.

131.   Pamela Von Schriltz is a citizen and resident of the state of Texas and county of Comal. She is a current employee and a flight attendant for SWA.

a.  Plaintiff Von Schriltz was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b.  Plaintiff Von Schriltz's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine; therefore, she qualified for an exemption from SWA's COVID-19 policy. However, in expressing her sincerely held religious beliefs and objecting to behavior that violates her sincerely held religious beliefs, Plaintiff Von Schriltz did not file for a religious exemption.

c.  Despite not filing an exemption, Plaintiff Von Schriltz believed she would be treated the same as those without sincerely held religious beliefs. This was not the case and Plaintiff Von Schriltz was treated differently than others without sincerely held religious beliefs

225

preventing her from getting the vaccine.

d. For instance, on or around December 24, 2021, Plaintiff Von Schriltz was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure. She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Von Schriltz did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. In an even more concerning event, on or around January 19, 2022, Plaintiff Von Schriltz was commuting home and sitting on a plane that was still at the gate in Houston due to a weather delay.

g. Plaintiff Von Schriltz had removed her mask for a moment so that she could drink her beverage, which is permitted by SWA policy. As Plaintiff Von Schriltz was finishing her beverage and looking for her bag, another flight attendant, Ross Slyter, screamed at her from the back galley to put her mark on.

h. While screaming, Mr. Slyter also slammed his hand on the bulkead area of the rear galley and was visibly angry.

i. Plaintiff Von Schriltz attempted to explain that her mask was only temporarily down as she drank her water, but Mr. Slyter dismissed her.

j. During the actual flight, Plaintiff Von Schriltz was again drinking water. Upon Mr. Slyter seeing her drink her water, he audibly sighed while shaking his head in a disapproving manner in her direction, despite the fact that she was not violating any rules by removing her mask to drink.

k. Upon landing in Austin, as Plaintiff Von Schriltz was now outside, she removed her mask and began walking to her car.

l. Mr. Slyter was also outside. Upon Mr. Slyter seeing Plaintiff Von Schriltz, he glared at Plaintiff Von Schriltz and again shook his head. Plaintiff Von Schriltz mentioned that they were outside and therefore did not need to wear their masks.

m. As Plaintiff Von Schriltz began to walk away, Mr. Slyter charged at Plaintiff Von Schriltz, grabbed her arm, and spun her body around towards him which stopped her ability to escape.

n. In sheer disbelief, Pamela Von Schriltz managed to ask him what he was doing. Rather than release her from his grip, Mr. Slyter

demanded Plaintiff Von Schriltz's name which she of course did not give due to his aggressive nature.

o. Plaintiff Von Schriltz immediately reported the incident to SWA. In response, as opposed to discipline Mr. Slyter, somehow, Plaintiff Von Schriltz received a thirty-day suspension for the supposed mask violation even though she was drinking water at the time.

p. Mr. Slyter did not receive any discipline for attacking Plaintiff Von Schriltz even though there was surveillance video showing the entire incident.

q. Plaintiff Von Schriltz even had an injury from the attack. Ironically, although they were retaliating against her for objecting to behavior that violates her sincerely held religious beliefs, SWA labelled her reporting her injury as retaliation for her discipline, so her injury was not covered.

r. Despite SWA not disciplining Mr. Slyter for attacking Plaintiff Von Schriltz, the Austin Police Department filed formal charges against Mr. Slyter for simple assault due to the video evidence.

s. In an ongoing pattern of retaliation, SWA required Plaintiff Von Schriltz to complete an inflight de-escalation training module.

Plaintiff Von Schriltz completed the training on the morning it was due, before the stated deadline. Even though the training was completed on time which was documented from the automatic time stamp generated by the system, SWA claimed she did not complete the training on time.

t.  In another instance of retaliation, Inflight Supervisor Jennifer Travis provided Plaintiff Von Schriltz with a written warning.

u.  This written warning came after objecting to action that violates her religious beliefs, after the incident with Mr. Slyter, and after SWA labelled her workplace injury a retaliatory claim.

v.  Yet again, Plaintiff Von Schriltz faced further retaliation when 2nd Vice President of TWU Local 556, which is Plaintiff Von Schriltz's Union, creached out to Plaintiff Von Schriltz's supervisor and claimed that Plaintiff Von Schriltz "contacted her through social media retaliation against my attacker," being Mr. Slyter.

w.  Such a claim was patently false as Plaintiff Von Schriltz had never spoken, seen, or interacted with Ms. King. However, SWA chose to believe Ms. King.

x.  In response to the discriminatory policies SWA enacted, on or about

229

November 14, 2022, Plaintiff Von Schriltz timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Von Schriltz's charge is attached hereto in **Composite Exhibit A.**

y. Plaintiff Von Schriltz received a Right to Sue from the EEOC on or about January 12, 2023. A copy of Plaintiff Von Schriltz's Right to Sue is attached hereto in **Composite Exhibit B**.

z. Plaintiff Von Schriltz has exhausted her administrative remedies.

132. Michael Wagner is a citizen and resident of the state of Ohio and county of Muskingum. He is a current employee and a flight attendant for SWA.

a. Plaintiff Wagner was discriminated against after exercising his sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Wagner's sincerely held religious beliefs prevent him from taking the COVID-19 vaccine. Therefore, Plaintiff Wagner requested a religious exemption from SWA's COVID-19 policies.

c. Despite his religious exemption request being granted on October 30, 2021, Plaintiff Wagner was treated differently than others without sincerely held religious beliefs preventing them from

getting the vaccine.

d.  For instance, on or around December 28, 2021, Plaintiff Wagner was contacted by Lina Koutaich Noguera from SWA who informed him he was removed from his upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  He also was unable to pick up additional trips and earn income during the quarantine period.

e.  If Plaintiff Wagner did not have a sincerely held religious belief preventing him from taking the vaccine, he would have been permitted to work the trip and earn income including any applicable incentive pay.

f.  Notably, when speaking with Ms. Koutaich Noguera, Plaintiff Wanger stated that he believed the current COVID-19 policies implemented by SWA were discriminatory.

g.  Ms. Koutaich Noguera agreed and said that although it was discriminatory, nothing could be done.

h.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Wagner timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Wagner's

charge is attached hereto in **Composite Exhibit A.**

i. Plaintiff Wagner received a Right to Sue from the EEOC on or about January 12, 2023. A copy of Plaintiff Wagner's Right to Sue is attached hereto in **Composite Exhibit B**.

j. Plaintiff Wagner has exhausted his administrative remedies.

133. Katherine Warfield is a citizen and resident of the state of Arkansas and county of Pulaski. She is a current employee and a flight attendant for SWA.

a. Plaintiff Warfield was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Warfield's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Warfield requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on November 19, 2021, Plaintiff Warfield was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, on or around November 25, 2021, Plaintiff Warfield

was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Warfield did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Warfield timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Warfield's charge is attached hereto in **Composite Exhibit A.**

g. Plaintiff Warfield received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Warfield's Right to Sue is attached hereto in **Composite Exhibit B**.

h. Plaintiff Warfield has exhausted her administrative remedies.

134.   Ashley Watson is a citizen and resident of the state of Texas and county of Brazoria. She is a current employee and a flight attendant for SWA.

a. Plaintiff Watson was discriminated against after exercising her

233

sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Watson's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Watson requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on November 17, 2021, Plaintiff Watson was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, on or around January 3, 2022, Plaintiff Watson was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Watson did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. As an example, Plaintiff Watson flew with fellow SWA employee Richard Beaumont. Since Mr. Beaumont did not have a sincerely

held religious belief preventing him from getting the vaccine, despite the alleged exposure, Mr. Beaumont was permitted to continue flying with pay and was instructed only to monitor for symptoms. In fact, Mr. Beaumont was not even notified about the exposure even though SWA's reasoning for the their policies were health and safety.

g.  Additionally, Plaintiff Watson was aware of fellow SWA employee Stephen Monteiro who tested positive for COVID-19. Since Mr. Monteiro did not have a sincerely held religious belief preventing them from getting the vaccine, they were paid for their quarantine time. According to SWA's policies at the time, if Plaintiff Watson contracted COVID-19, she would not have been paid.

h.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Watson timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Watson's charge is attached hereto in **Composite Exhibit A.**

i.  Plaintiff Watson received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Watson's Right to Sue is

attached hereto in **Composite Exhibit B**.

    j.   Plaintiff Watson has exhausted her administrative remedies.

135.   Shannon Webb is a citizen and resident of the state of Maryland and county of Harford. She is a current employee and a flight attendant for SWA.

    a.  Plaintiff Webb was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

    b.  Plaintiff Webb's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Webb requested a religious exemption from SWA's COVID-19 policies.

    c.  Despite her religious exemption request being granted on November 29, 2021, Plaintiff Webb was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

    d.  For instance, on or around December 27, 2021, Plaintiff Webb was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Webb did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. After feeling discriminated by SWA's policies, on or around December 28, 2021, Plaintiff Web sent an email complaint to SWA Inflight leaders.

g. Director of Inflight Operations, Rachel Loudermilk, responded to Plaintiff Webb's emails but did not provide any resolution to her complaint.

h. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Webb timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Webb's charge is attached hereto in **Composite Exhibit A.**

i. Plaintiff Webb received a Right to Sue from the EEOC on or about January 13, 2023. A copy of Plaintiff Webb's Right to Sue is attached hereto in **Composite Exhibit B**.

j. Plaintiff Webb has exhausted her administrative remedies.

136.    Randall Weitzel is a citizen and resident of the state of Florida and county of Pinellas. He is a current employee and a pilot for SWA.

a. Plaintiff Weitzel was discriminated against after exercising his sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Weitzel's sincerely held religious beliefs prevent him from taking the COVID-19 vaccine. Therefore, Plaintiff Weitzel requested a religious exemption from SWA's COVID-19 policies.

c. Despite his religious exemption request being granted on November 29, 2021, Plaintiff Weitzell was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, on or around December 20, 2021, Plaintiff Weitzel was removed from his upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  He also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Weitzel did not have a sincerely held religious belief preventing him from taking the vaccine, he would have been permitted to work the trip and earn income including any

238

applicable incentive pay.

f.  Plaintiff Weitzel was shocked by the discrimination allowed by SWA, so he complained to his Chief Pilot David Fitzgerald and explained that he felt he was being targeted for his religious beliefs.

g.  Despite Plaintiff Weitzel's complaint, no change occurred in SWA's policies.

h.  In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Weitzel timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Weitzel's charge is attached hereto in **Composite Exhibit A.**

i.  Plaintiff Weitzel received a Right to Sue from the EEOC on or about January 17, 2023. A copy of Plaintiff Weitzel's Right to Sue is attached hereto in **Composite Exhibit B**.

j.  Plaintiff Weitzel has exhausted his administrative remedies.

137.  William Williams is a citizen and resident of the state of North Carolina and county of Catawba. He is a current employee and a Pilot for SWA.

a.  Plaintiff Williams was discriminated against after exercising his

239

sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Williams' sincerely held religious beliefs prevent him from taking the COVID-19 vaccine. Therefore, Plaintiff Williams requested a religious exemption from SWA's COVID-19 policies.

c. Despite his religious exemption request being granted on November 16, 2021, Plaintiff Williams was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. Prior to the COVID-19 pandemic, Plaintiff Williams was always happy, willing, and able to fly. However, once the COVID-19 pandemic ensured and SWA changes its policies in October 2021, Plaintiff Williams realized he was being discriminated against based on her religious beliefs.

e. Knowing that at any moment, Plaintiff Williams could be removed from trips without pay because of his religious beliefs caused intense stress, anxiety, and internal turmoil for Plaintiff Williams.

f. Additionally, Plaintiff Williams was subjected to a hostile work environment in which vaccinated employees without sincerely held

religious beliefs deemed him dangerous and bullied him.

g. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Williams timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Williams' charge is attached hereto in **Composite Exhibit A.**

h. Plaintiff Williams received a Right to Sue from the EEOC on or about January 12, 2023. A copy of Plaintiff Williams' Right to Sue is attached hereto in **Composite Exhibit B**.

i. Plaintiff Williams has exhausted his administrative remedies.

138. Leigh Wilson is a citizen and resident of the state of Arizona and county of Maricopa. She is a current employee and a flight attendant for SWA.

a. Plaintiff Wilson was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b. Plaintiff Wilson's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Wilson requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on November 29, 2021, Plaintiff Wilson was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, on or around December 31, 2021, Plaintiff Wilson was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. Upon being notified of the alleged exposure, Plaintiff Wilson was in a city that was not her home base and thus she had to fly home as she did not want to be stranded in an unfamiliar city on New Year's Eve.

f. After departing the plane, the anxiety and stress of the situation set in. Based on the trauma caused by SWA's policies, Plaintiff Wilson complained to her base manager Brandon Durbin and her supervisor Shannon Mulcahy.

g. Mr. Durbin never replied to Plaintiff Wilson's complaint.

h. In responding to Plaintiff Wilson's complaint, Ms. Mulcahy made Plaintiff Wilson feel inferior based on her religious beliefs and even

242

knowing she had a sincerely held religious belief preventing her from getting vaccinated, Ms. Mulcahy stated that it was Plaintiff Wilson's "choice not to get vaccinated."

i.   If Plaintiff Wilson did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

j.   In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Wilson timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Wilson's charge is attached hereto in **Composite Exhibit A.**

k.   Plaintiff Wilson received a Right to Sue from the EEOC on or about January 13, 2023.

l.   Plaintiff Wilson has exhausted her administrative remedies.

139.   Sandra Wood is a citizen and resident of the state of Texas and county of Brazoria. She is a current employee and a flight attendant for SWA.

a.   Plaintiff Wood was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19

vaccine.

b. Plaintiff Wood's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine. Therefore, Plaintiff Wood requested a religious exemption from SWA's COVID-19 policies.

c. Despite her religious exemption request being granted on December 28, 2021, Plaintiff Wood was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, on or around January 2, 2022, Plaintiff Wood was removed from her upcoming flights and forced to quarantine due to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Wood did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Wood timely filed a charge of discrimination against SWA with the Equal Employment

Opportunity Commission ("EEOC"). A copy of Plaintiff Wood's charge is attached hereto in **Composite Exhibit A.**

g.  Plaintiff Wood received a Right to Sue from the EEOC on or about January 18, 2023. A copy of Plaintiff Wood's Right to Sue is attached hereto in **Composite Exhibit B**.

h.  Plaintiff Wood has exhausted her administrative remedies.

140.   Eric Yockey is a citizen and resident of the state of Pennsylvania and county of Butler. He is a current employee and a flight attendant for SWA.

a.  Plaintiff Yockey was discriminated against after exercising his sincerely held religious beliefs by objecting to the COVID-19 vaccine.

b.  Plaintiff Yockey's sincerely held religious beliefs prevent him from taking the COVID-19 vaccine. Therefore, Plaintiff Yockey requested a religious exemption from SWA's COVID-19 policies.

c.  Despite his religious exemption request being granted on December 7, 2021, Plaintiff Yockey was treated differently than others without sincerely held religious beliefs preventing them from getting the vaccine.

d. For instance, on or around November 30, 2021, Plaintiff Yockey's wife tested positive for COVID-19. In ensuring he followed SWA procedure, Plaintiff Yockey immediately notified his Chief Pilot.

e. As a result, Plaintiff Yockey was removed from his upcoming flights and forced to quarantine due to the COVID-19 exposure.  He also was unable to pick up additional trips and earn income during the quarantine period.

f. If Plaintiff Yockey did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

g. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Yockey timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Yockey's charge is attached hereto in **Composite Exhibit A.**

h. Plaintiff Yockey received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Yockey's Right to Sue is attached hereto in **Composite Exhibit B**.

    i.   Plaintiff Yockey has exhausted her administrative remedies.

141.    Karla Young is a citizen and resident of the state of Texas and county of Denton. She is a current employee and a flight attendant for SWA.

    a.   Plaintiff Young was discriminated against after exercising her sincerely held religious beliefs by objecting to the COVID-19 vaccine.

    b.   Plaintiff Young's sincerely held religious beliefs prevent her from taking the COVID-19 vaccine; therefore, she qualified for an exemption from SWA's COVID-19 policy. However, in expressing her sincerely held religious beliefs and objecting to behavior that violates her sincerely held religious beliefs, Plaintiff Young did not file for a religious exemption.

    c.   Despite not filing an exemption, Plaintiff Young believed she would be treated the same as those without sincerely held religious beliefs. This was not the case and Plaintiff Young was treated differently than others without sincerely held religious beliefs preventing her from getting the vaccine.

    d.   For instance, on or around December 27, 2021, Plaintiff Young was removed from her upcoming flights and forced to quarantine due

to an alleged COVID-19 exposure.  She also was unable to pick up additional trips and earn income during the quarantine period.

e. If Plaintiff Young did not have a sincerely held religious belief preventing her from taking the vaccine, she would have been permitted to work the trip and earn income including any applicable incentive pay.

f. As an example, Plaintiff Young flew with fellow flight attendant William Bond. Since Mr. Bond did not have a sincerely held religious belief preventing him from getting the vaccine, despite the alleged exposure, Mr. Bond was permitted to continue flying with pay and was instructed only to monitor for symptoms.

g. In response to the discriminatory policies SWA enacted, on or about November 14, 2022, Plaintiff Young timely filed a charge of discrimination against SWA with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff Young's charge is attached hereto in **Composite Exhibit A.**

h. Plaintiff Young received a Right to Sue from the EEOC on or about January 11, 2023. A copy of Plaintiff Young's Right to Sue is attached hereto in **Composite Exhibit B**.

i.   Plaintiff Young has exhausted her administrative remedies.

## C. Defendant

142.   Defendant SWA is a corporation organized under the laws of the State of Texas.

143.   SWA's head office is in Dallas, Texas located at 2702 Love Field Drive, Dallas, Texas 75235.

144.   SWA uses the point-to-point transit model for transportation. As such, SWA does not have a central hub but rather touches on multiple cities throughout the United States.

145.   Major focus cities for SWA include Atlanta, Baltimore, Chicago, Denver, Houston, Nashville, Oakland, Pheonix, St. Louis, and Orlando.

146.   SWA has a significant presence in Florida, and specifically in this judicial district with a point-to-point focus terminal located at 1 Jeff Fuqua Blvd, Orlando, FL 32827 at the Orlando International Airport.

147.   Additionally, many employees of SWA call Orlando their "home base" and primarily originate their flights from SWA's presence at the Orlando International Airport.

### STATUTORY QUALIFICATIONS UNDER TITLE VII AND ADA

148.   SWA is an "employer" as defined by Title VII.  Specifically, SWA is a

"person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."

149.    SWA is a corporation and, as such, is also defined as a "person" by Title VII.

150.    SWA, as a commercial airline, is engaged in an "industry affecting commerce" as that term is defined under Title VII.  Specifically, SWA is engaged in an "activity, business, or industry in commerce or in which a labor dispute would hinder or obstruct commerce or the free flow of commerce and includes any activity or industry "affecting commerce" within the meaning of the Labor--Management Reporting and Disclosure Act of 1959 [29 U.S.C. 401 et seq.], and further includes any governmental industry, business, or activity."

151.    The term "religion" under Title VII includes "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's … religious observance or practice without undue hardship on the conduct of the employer's business."

152.    For purposes of this action, each of the Plaintiffs (other than Plaintiff Del Monte, Plaintiff Hale, and Plaintiff Hancock) at all times material hereto, is or was an "employee" as defined by Title VII, as they were employed by SWA (the

"Title VII Plaintiffs").

153.   As an "employer" under Title VII, it would be an unlawful employment practice for SWA to discriminate against any of the Title VII Plaintiffs with respect compensation, terms, conditions, or privileges of employment because of such individual's religion; or to limit, segregate, or classify the Title VII Plaintiffs in any way which would deprive or tend to deprive the Title VII Plaintiffs of employment opportunities or otherwise adversely affect their status as employees because of such individual's religion.

154.   Moreover, as an "employer,"  it would be an unlawful employment practice for SWA to engage in retaliation against any of the Title VII Plaintiffs because he or she has opposed any practice made an unlawful employment practice by Title VII, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII.

155.   SWA is an "employer" as that term is defined by the ADA.

156.   As an "employer," SWA is also a "covered entity" as that term is defined by the ADA.

157.   For purposes of this action, Plaintiff Del Monte, Plaintiff Freeman, Plaintiff Hale, Plaintiff Hancock, and Plaintiff Heidlage are each defined by the

ADA as an "employee" (the "ADA Plaintiffs").

158.   For purposes of this action, each of the ADA Plaintiffs has a "disability" as that term is defined by the ADA.

159.   Each of the ADA Plaintiffs is a "qualified individual" as that term is defined under the ADA.

160.   As a "covered entity" under the ADA, SWA is prohibited from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

161.   Prohibited discrimination under the ADA includes, among other things:

(1) limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability of such applicant or employee;

(3) utilizing standards, criteria, or methods of administration—

(A) that have the effect of discrimination on the basis of disability; or

(B) that perpetuate the discrimination of others who are subject to common administrative control;

(4) excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association;

(5)

(A) not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; or

(B) denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant ….

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

162.   Plaintiffs herein allege that SWA's COVID-19 policies and practices

were unlawful because such policies discriminated against SWA employees who either had sincerely held religious beliefs that prevented them from taking the COVID-19 vaccine or those who had medical/disability statuses that prevented them from taking the COVID-19 vaccine.

163.    Prior to the federal COVID-19 vaccine mandate being enacted, SWA implemented safety protocols and procedures designed to limit the spread of COVID-19 and protect both passengers and employees.

164.    Such protocols and procedures were effective in limiting the spread of COVID-19 and were not discriminatory against those with sincerely held religious beliefs or those with medical/disability statuses that prohibited them from receiving the COVID-19 vaccine.

165.    On or around September 9, 2021, President Biden announced his Path Out of the Pandemic: COVID-10 Action Plan.

166.    As part of the COVID-10 Action Plan, President Biden signed Executive Order 14042 which required parties contracting with the federal government to comply with certain COVID-19 safeguards as prescribed by the Safer Federal Workforce Task Force.

167.    Based on the issued directives, and despite the fact that prior preventative measures were effective, on or around October 4, 2021, SWA

informed employees that all SWA employees needed to be fully vaccinated for COVID-19 by January 4, 2022.

168.   SWA provided an accommodations process for employees with medical/disability statuses or sincerely held religious beliefs that prevent them from being vaccinated against COVID-19.

169.   At the time of the COVID-19 vaccine mandate, SWA also announced it would be putting employees on unpaid leave on or around December 8, 2021 if they did not choose to get vaccinated or did not have an approved religious or medical exemption.

170.   Initially, all accommodations requests were to be received by November 24, 2021.

171.   Later, the deadline to submit accommodations requests was modified to January 4, 2022, and eventually, the requirement to be vaccinated against COVID-19 was completely dissolved.

172.   Although placing employees on unpaid leave never came to fruition, SWA attempted to intimidate and compel employees to receive the COVID-19 vaccine in spite of their sincerely held religious beliefs and/or medical/disability status that prohibited them from doing so.

173. The accommodations process for religious or medical exemptions involved SWA posing a series of invasive and discriminatory questions relating to one's sincerely held religious beliefs and/or medical/disability status that prevent someone from getting the vaccine.

174. SWA employees were expected to answer such intrusive questions and submit their responses to SWA.

175. An Accommodations Team was tasked with reviewing and approving exemption requests.

176. In spite of many employees having objections to receiving the COVID-19 vaccine based on their sincerely held religious beliefs and/or medical/disability status, in another effort to coerce employees into receiving the vaccine, SWA implemented the Vaccination Pay Program.

177. Under the Vaccination Pay Program, all SWA employees who became fully vaccinated against COVID-19 and then informed SWA of their personal and intimate medical/disability status by submitting proof of their vaccination status by noon central on November 24, 2021 to SWA would receive payment equating to sixteen hours of pay or thirteen trips for pay ("TFP").

178.   SWA implemented the Vaccination Pay Program regardless of knowing that many of their employees could not take the vaccine because of sincerely held religious beliefs and/or medical/disability status.

179.   Beginning on or around June 16, 2021, and prior to the vaccine mandate, the Work-Related Close-Contact and COVID-Positive Quarantine Pay Program  was in place for SWA employees.

180.   Under the Work-Related Close-Contact and Quarantine Pay Program, employees who were exposed to COVID-19 or contracted COVID-19 were paid for being removed from their trips and their sick time was restored for previous quarantines despite vaccination status.

181.   The Work-Related Close-Contact and Quarantine Pay Program, which appeared on its face, to be non-discriminatory, was short lived and ended on or around September 10, 2021.

182.   Beginning on or around November 24, 2021, SWA instituted a policy in which employees who were not vaccinated, including those with sincerely held religious beliefs and/or medical/disability statuses, would be removed from their trips if they came in contact with a COVID-19 positive employee or were exposed to COVID-19. This policy is referred to as the "Trip Pull Policy."

183.    The Trip Pull Policy made no exception for employees who had sincerely held religious beliefs and/or medical/disability statuses prohibiting them from receiving the vaccine.

184.    The Trip Pull Policy made no exception for employees who had their religious or medical exemption requests granted.

185.    The Trip Pull Policy created a divide between vaccinated employees and non-vaccinated employees who had sincerely held religious beliefs and/or medical/disability statuses preventing them from getting the vaccine.

186.    The Trip Pull Policy discriminated against SWA employees who had sincerely held religious beliefs and/or medical/disability statuses preventing them from getting the vaccine.

187.    Under the Trip Pull Policy, SWA employees without sincerely held religious beliefs and/or medical/disability statuses preventing them from getting the vaccine were permitted to only monitor for symptoms and were not required to quarantine, even if their spouse contracted COVID-19.

188.    Under the Trip Pull Policy, vaccinated employees without medical or religious objections to the vaccine who were exposed to COVID-19 were permitted to continue earning income, pick up additional trips, and earn applicable incentive or holiday pay.

189.   In comparison, under the Trip Pull Policy, SWA employees with sincerely held religious beliefs and/or medical/disability statuses prohibiting them from getting the vaccine, despite whether or not they had an exemption on file, were removed from their trips without any pay and were forced to quarantine for around ten days.

190.   In addition to being removed from their trips, under the Trip Pull Policy, SWA employees with sincerely held religious beliefs and/or medical/disability statuses prohibiting them from getting the vaccine were unable to schedule themselves for additional trips.

191.   During the stated timeframe in which the discriminatory Trip Pull Policy was in place, SWA was offering unprecedented overtime, holiday, and incentive pay for flights.

192.   Incentive time could include time and a half pay, double pay, or even triple pay.

193.   Incentive pay differs from "straight" pay as the base rate of pay is increased depending on the categorization of payment.

194.   When a SWA employee was removed from their trip under the Trip Pull Policy due to not being able to receive the vaccine because of their sincerely held religious beliefs and/or medical/disability status, they were precluded from

earning applicable incentive or holiday pay they would otherwise have been eligible for if they were permitted to fly the trip.

195.   During the stated time frame corresponding to the Trip Pull Policy, SWA sent out multiple memos and emails regarding vaccinations, urging all SWA employees to become vaccinated despite the fact that many SWA employees had sincerely held religious beliefs and/or medical/disability statuses that prohibited them from getting vaccinated.

196.   SWA employees who have sincerely held religious beliefs and/or medical/disability statuses preventing them from getting the COVID-19 vaccine were significantly impacted by SWA's November 24, 2021 Trip Pull Policy.

197.   For instance, under the Trip Pull Policy, SWA employees who have sincerely held religious beliefs and/or a medical/disability status preventing them from getting the COVID-19 suffered major financial penalties; were put in a position of being placed on unpaid quarantine for weeks on end; were being forced to quarantine in a hotel in whichever city they happened to be in at their own expense, without pay; lost sick time; were unable to scheduled themselves for new trips; and were sometimes stranded hundreds of miles from home under the threat of discipline.

198.    In addition to the disparity in pay between vaccinated individuals and non-vaccinated individuals who had sincerely held religious beliefs and/or a medical/disability status preventing them from getting the vaccine, the work environment at SWA was discriminatory, hostile, and retaliatory against non-vaccinated employees with religious or medical objections to the vaccine.

199.    Non-vaccinated SWA employees who had sincerely held religious beliefs and/or medical/disability statuses preventing them from getting the vaccine were subject to abuse and harassment on a daily basis in their working environment at SWA.

200.    Vaccinated employees would purposely expose non-vaccinated SWA employees who had sincerely held religious beliefs or a medical/disability status preventing them from getting the vaccine to the COVID-19 virus so that they would be removed from their trips without pay.

201.    Vaccinated employees would physically distance themselves or refuse to work with non-vaccinated who had had medical/disability status objections or religious objections to the vaccine despite their job duties requiring them to do otherwise.

202.   Vaccinated employees without medical/disability status objections or religious objections to the vaccine would make absurd comments to non-vaccinated with medical/disability status objections or religious objections.

203.   Vaccinated employees without medical/disability status objections or religious objections to the vaccine would speak poorly, including wishing death upon them in some instances, about the non-vaccinated without regard for their medical/disability status or religious beliefs.

204.   The discrimination faced did not only exist in person, but online as well.

205.   SWA is aware of online message boards and social media platforms that SWA employees use, as exhibited by their social media policy.

206.   Despite awareness of online message platforms, SWA allowed a discriminatory internet environment to fester against non-vaccinated SWA employees who had sincerely held religious beliefs and/or medical/disability statuses preventing them from getting the vaccine.

207.   SWA was aware of social media platforms in which vaccinated employees without sincerely held religious beliefs and/or medical/disability statuses preventing them from getting the vaccine used foul language, made death threats, and accused non-vaccinated SWA employees who had sincerely held

religious beliefs or medical medical/disability statuses preventing them from getting the vaccine of harming others.

208.    These social media platforms ran rampant with discriminatory comments against non-vaccinated SWA employees who had sincerely held religious beliefs or medical/disability statuses preventing them from getting the vaccine, to the point of harassing some non-vaccinated employees with religious or medical/disability status objections to the vaccine.

209.    SWA made no attempt to control or limit the discriminatory nature of the online behavior of SWA vaccinated employees without sincerely held religious beliefs and/or a medical/disability status preventing them from getting the vaccine.

210.    After months of discrimination under the Trip Pull Policy, on or around January 7, 2022, SWA modified their policies specifically for SWA pilots.

211.    As part of the modification, moving forward, SWA offered five days of isolation pay to employees when COVID-19 positive, regardless of vaccination status.

212.    Additionally, SWA retroactively replenished sick banks for up to ten days for pilots who had previously tested positive for COVID-19.

213.   This retroactive replenishment was only offered to SWA employees who had previously tested positive for COVID-19.

214.   This retroactive policy did not account for healthy but non-vaccinated employees who had sincerely held religious beliefs or medical/disability statuses preventing them from getting the vaccine who were removed from prior trips due to alleged COVID-19 exposures.

215.   SWA ultimately lifted the mandatory vaccine requirement for all employees.

216.   As of this date, SWA paused their contact tracing program and reduced quarantine time from ten to five days.

217.   On or around July 5, 2022, SWA retroactively paid a portion of the Plaintiffs for some of the income they lost for trips they were removed from due to alleged COVID-19 exposures.

218.   These payments were made at "straight" time and did not account for any applicable incentive, overtime, or holiday pay.

219.   These payments did not make the Plaintiffs whole as it did not account for the differential in pay nor the lost ability to schedule themselves for additional trips.

220.   To date, many of the Plaintiffs are still facing retaliation for objecting to conduct and behavior which violates their sincerely held religious beliefs or medical/disability status.

## TITLE VII CLASS ALLEGATIONS

221.   The Title VII Plaintiffs bring this class action under Federal Rules of Civil Procedure 23(a) and (b).

222.   Through this action, the Title VII Plaintiffs seek to represent a class of all SWA flight attendants and pilots who, due to their sincerely held religious beliefs, sought accommodation or were exempted from SWA's COVID-19 vaccine mandate or who, due to their sincerely held religious beliefs, opposed the SWA's COVID-19 policies and practices by refusing to take the COVID-19 vaccine, and who were discriminated against "because of" their sincerely held religious beliefs or were retaliated against for exercising their rights to accommodation or exemptions from the COVID-19 vaccine (the "Putative Title VII Class").

223.   By determining there would be no reasonable accommodations for any employee beyond a mere exemption from its COVID-19 vaccine mandate, attempting to coerce Title VII Plaintiffs to receive the COVID-19 vaccine via its Trip Pull Policy and Vaccination Pay Program, SWA effectively treated all Title VII Plaintiffs and members of the Putative Title VII class the same, irrespective of

other circumstances or characteristics.

224.    SWA's actions were thus applicable to the Putative Title VII Class.

225.    Accordingly, this Court may grant relief to the entire Putative Title VII Class to remedy SWA's violation of Title VII.

**Numerosity**

226.    Presently, 122 Title VII Plaintiffs have joined this action.

227.    Although the exact number of members of the Putative Title VII Class is not precisely known, there are currently thousands of pilots and flight attendants at SWA who were employed by SWA during the relevant class time period. Because of the large number of Putative Title VII Class members, joinder of individual class members is impracticable.

**Commonality**

228.    Common questions of law and fact exist as to all members of the Putative Title VII Class and predominate over any questions solely affecting individual members of the Putative Title VII Class. These common questions include, but are not limited to:

a. Under the Trip Pull Policy, did SWA comply with its obligations under Title VII for Putative Title VII Class members by only offering unpaid quarantine leave as an "accommodation" when they were

exposed to COVID-19?

b. Under the Trip Pull Policy, did SWA comply with is obligations under Title VII for Putative Title VII Class members by only offering unpaid quarantine leave as an "accommodation" when they tested positive for COVID-19?

c. Did SWA discriminate and/or retaliate against Putative Title VII Class members who engaged in protected activity under SWA's COVID-19 Trip Pull Policy which affected Putative Title VII Class members' ability to earn income, ability to work, ability to qualify for applicable incentive or holiday pay, and ability to pick up additional trips for pay?

d. Did SWA's Vaccination Pay Program discriminate against Putative Title VII Class members knowing that such employees could not receive the COVID-19 vaccine due to their sincerely held religious beliefs?

e. Did SWA subject Putative Title VII Class members to discrimination and/or retaliation by allowing vaccinated employees to disparage Putative Title VII Class members in person and/or online through social media?

f. Did SWA's Trip Pull Policy and Vaccination Pay Program promulgate adverse action against Putative Title VII Class members?

g. Was SWA's Trip Pull Policy and Vaccination Pay Program intended to coerce Putative Title VII Class members into taking the COVID-19 vaccine by threatening or taking adverse action against those employees?

h. Did SWA's Trip Pull Policy and Vaccination Pay Program violate Putative Title VII Class members' rights under Title VII of the Civil Rights Act?

**Typicality**

229.   The claims alleged by the Title VII Plaintiffs and the resultant harms are typical of the claims of each member of the Putative Title VII Class. Typicality exists because all absent class members have been injured as a result of the same discriminatory and retaliatory policies and practices implemented by SWA. Defendant's COVID-19 pay practices and policies provided no accommodation or exception for a Putative Title VII Class members' sincerely held religious beliefs. This is typical among the Putative Title VII Class members. SWA's failure to treat those who are not vaccinated but have sincerely held religious beliefs the same as

others outside of their protected class who are vaccinated resulted in SWA taking adverse action against class members who have not received the COVID-19 vaccine due to their sincerely held religious beliefs. Such actions also resulted in a disparate impact to the Putative Title VII Class.

**Adequacy**

230.   The Title VII Plaintiffs will fairly and adequately protect the interests of the Putative Title VII Class. There are no conflicts of interest between the Plaintiffs and the other putative class members.

231.   The Title VII Plaintiffs have retained counsel experienced with complex employment action lawsuits in federal court. Counsel has committed significant resources to represent the class. Counsel therefore are well suited to fairly and adequately represent the putative class's interests.

**Rule 23(b)(2)**

232.   Defendant has acted or failed to act on grounds generally applicable to the class, necessitating declaratory and injunctive relief for the class.

233.   Counsel knows of no conflicts among the class members.

## ADA CLASS ALLEGATIONS

234.   The ADA Plaintiffs bring this class action under Federal Rules of Civil Procedure 23(a) and (b).

235.    Through this action, the ADA Plaintiffs seek to represent a class of all SWA flight attendants and pilots who, due to their medical/disability status, sought accommodation or were exempted from SWA's COVID-19 vaccine mandate or who, due to their medical/disability status, opposed the SWA's COVID-19 policies and practices by refusing to take the COVID-19 vaccine, and who were discriminated against "because of" their medical/disability status or were retaliated against for exercising their rights to accommodation or exemptions from the COVID-19 vaccine (the "Putative ADA Class").

236.    By determining there would be no reasonable accommodations for any employee beyond a mere exemption from its COVID-19 vaccine mandate, attempting to coerce ADA Plaintiffs to receive the COVID-19 vaccine via its Trip Pull Policy and Vaccination Pay Program, SWA effectively treated all ADA Plaintiffs and members of the Putative ADA Class the same, irrespective of the job-title, location, age, medical condition, or other circumstances or characteristics.

237.    SWA's actions were thus applicable to the Putative ADA Class.

238.    Accordingly, this Court may grant relief to the entire Putative ADA Class to remedy SWA's violation of the ADA.

**Numerosity**

239.    Presently, five (5) ADA Plaintiffs have joined this action.

240.   Although the exact number of members of the Putative ADA Class is not precisely known, there are currently thousands of pilots and flight attendants at SWA who were employed by SWA during the relevant class time period. Because of the large number of Putative ADA Class members, joinder of individual class members is impracticable.

**Commonality**

241.   Common questions of law and fact exist as to all members of the Putative ADA Class and predominate over any questions solely affecting individual members of the Putative ADA Class. These common questions include, but are not limited to:

    a.  Under the Trip Pull Policy, did SWA comply with its obligations under the ADA for Putative ADA Class members by only offering unpaid quarantine leave as an "accommodation" when they were exposed to COVID-19?

    b.  Under the Trip Pull Policy, did SWA comply with is obligations under the ADA for Putative ADA Class members by only offering unpaid quarantine leave as an "accommodation" when they tested positive for COVID-19?

    c.  Did SWA discriminate and/or retaliate against Putative ADA Class

members who engaged in protected activity under SWA's COVID-19 Trip Pull Policy which affected Putative ADA Class members' ability to earn income, ability to work, ability to qualify for applicable incentive or holiday pay, and ability to pick up additional trips for pay?

d. Did SWA's Vaccination Pay Program discriminate and/or retaliate against Putative ADA Class members knowing that such employees could not receive the COVID-19 vaccine due to their sincerely held religious beliefs?

e. Did SWA subject Putative ADA Class members to discrimination and/or retaliation by allowing vaccinated employees to disparage Putative ADA Class members in person or online via social media?

f. Did SWA's Trip Pull Policy and Vaccination Pay Program promulgate adverse action against Putative ADA Class members?

g. Was SWA's Trip Pull Policy and Vaccination Pay Program intended to coerce Putative ADA Class members into taking the COVID-19 vaccine by threatening or taking adverse action against those employees?

h. Did SWA's Trip Pull Policy and Vaccination Pay Program violate

Putative ADA Class members' rights under the ADA?

**Typicality**

242.    The claims alleged by the ADA Plaintiffs and the resultant harms are typical of the claims of each member of the proposed class. Typicality exists because all absent class members have been injured as a result of the same discriminatory and retaliatory policies and practices implemented by SWA. Defendant's COVID-19 pay practices and policies provided no accommodation or exception the Class Member's medical/disability status. This is typical among the Putative ADA Class members. SWA's failure to treat those who are not vaccinated but have medical/disability status the same as others outside of their protected class resulted in SWA taking adverse action against class members who have not received the COVID-19 vaccine due to their medical/disability status.   Such actions also resulted in a disparate impact to the Putative ADA Class.

**Adequacy**

243.    The ADA Plaintiffs will fairly and adequately protect the interests of the class. There are no conflicts of interest between the ADA Plaintiffs and the other putative class members.

244.    The ADA Plaintiffs have retained counsel experienced with complex employment action lawsuits in federal court. Counsel has committed significant

resources to represent the class. Counsel therefore are well suited to fairly and adequately represent the putative class's interests.

**Rule 23(b)(2)**

245.    Defendant has acted or failed to act on grounds generally applicable to the class, necessitating declaratory and injunctive relief for the class.

246.    Counsel knows of no conflicts among the class members.

**COUNT I**
**DISPARATE TREATMENT IN VIOLATION OF**
**TITLE VII (RELIGION)**

247.    The Title VII Plaintiffs hereby readopt, reallege, and incorporate the allegations set forth in Paragraphs 1-233, above.

248.    The Title VII Plaintiffs hold unique and sincerely held religious beliefs which prevented them from taking the COVID-19 vaccine.  Due to such religious beliefs, the Title VII Plaintiffs are within a protected class under Title VII.

249.    At all times material hereto, the Title VII Plaintiffs were employees for SWA.

250.    During their employment with SWA, the Title VII Plaintiffs were subjected to discrimination by SWA, deprived employment opportunities, deprived of income opportunities, and were treated differently than SWA

employees who did not oppose or reject the COVID-19 vaccine based on sincerely held religious beliefs.

251.   As a direct, legal and proximate result of the discrimination, the Title VII Plaintiffs have sustained, and will continue to sustain, economic damages to be proven at trial.

252.   As a result of Defendant's actions, the Title VII Plaintiffs have suffered emotional distress, resulting in damages in an amount to be proven at trial.

253.   The Title VII Plaintiffs further seek compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

254.   Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to the Title VII Plaintiffs' right to be free from discrimination based on religion.

255.   The Title VII Plaintiffs are entitled to reasonable attorneys' fees and costs of suit.

**COUNT II:**
**FAILURE TO ACCOMMODATE IN VIOLATION OF**
**<u>TITLE VII (RELIGION)</u>**

256.   The Title VII Plaintiffs hereby readopt, reallege, and incorporate the allegations set forth in Paragraphs 1-233 and 247-255, above.

257.   The Title VII Plaintiffs were each qualified individuals with handicaps who could perform the essential functions of their jobs either with or without a reasonable accommodation.

258.   Due to their religious beliefs, the Title VII Plaintiffs either sought religious exemption from SWA's COVID-19 vaccine mandate or objected to discriminatory behavior based upon their religious beliefs.

259.   Although the Title VII Plaintiffs who requested an exemption were granted, SWA unilaterally imposed an alleged accommodation on all the Title VII Plaintiffs with religious beliefs in the form of removing the Title VII Plaintiffs from their flights without pay and limiting their ability to schedule themselves for new trips without engaging in an interactive process.

260.   Defendant unlawfully deemed the Title VII Plaintiffs and other similarly situated individuals as not qualified for their positions because they were not vaccinated from COVID-19.

261.   Defendant had a duty to assist the Title VII Plaintiffs and other similarly situated individuals in seeking accommodation from a SWA policy which infringed upon the terms and conditions of their employment.

262.   Defendant, by its failure to assist the the Title VII Plaintiffs and similarly situated employees who sought religious exemption from the COVID-19

vaccine mandate with accommodations which would allow them to work despite their religious exemptions, resulted in the Title VII Plaintiffs being unlawfully denied religious accommodations.

263.    As a direct, legal and proximate result of the discrimination, the Title VII Plaintiffs have sustained, and will continue to sustain, economic damages to be proven at trial.

264.    As a result of Defendant's actions, the Title VII Plaintiffs have suffered emotional distress, resulting in damages in an amount to be proven at trial.

265.    The Title VII Plaintiffs further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

266.    Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to the Title VII Plaintiffs' right to be free from discrimination based on religion.

## COUNT III:
## RETALIATION IN VIOLATION OF
## TITLE VII (RELIGION)

267.    The Title VII Plaintiffs hereby readopt, reallege, and incorporate the allegations set forth in Paragraphs 1-233 and 247-266, above.

268.    The Title VII Plaintiffs engaged in statutorily protected conduct under Title VII by opposing SWA's COVID-19 policy which discriminated against them because of their sincerely held religious beliefs.

269.    Some of the Title VII Plaintiffs further engaged in statutorily protected activity by requesting accommodations from the COVID-19 vaccine due to their sincerely held religious beliefs.

270.    The remaining Title VII Plaintiffs still engaged in statutorily protected activity by objecting to conduct that violated their sincerely held religious beliefs.

271.    Subsequent to engaging in protected activity, the Title VII Plaintiffs were subjected to materially adverse action by SWA, as described above, in retaliation.

272.    Moreover, the Title VII Plaintiffs opposed the materially adverse action they suffered and, after doing so, Defendant, in retaliation, subjected them to further materially adverse action in the form of discipline or further removal form upcoming trips.

273.    The Title VII Plaintiffs suffered materially adverse actions of a type that would dissuade a reasonable employee from engaging in statutorily protected activity.

274.     As a direct, legal and proximate result of Defendant's retaliation, the Title VII Plaintiffs have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

275.     The Title VII Plaintiffs further seek compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

276.     The Title VII Plaintiffs are entitled to their reasonable attorneys' fees and costs of suit.

## COUNT IV:
## DISPARATE IMPACT IN VIOLATION OF
## TITLE VII (RELIGION)

277.     The Title VII Plaintiffs hereby readopt, reallege, and incorporate the allegations set forth in Paragraphs 1-233 and 267-276 above.

278.     Section 703 of Title VII, 42 U.S.C. § 2000e-2(a) provides that it is an unlawful employment practice for an employer –

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

279.   The Title VII Plaintiffs are informed and believe and thereon allege that SWA's COVID-19 Vaccination Pay Program, in which all SWA employees who became fully vaccinated against COVID-19 and then informed SWA of their personal and intimate medical/disability status by submitting proof of their vaccination status by noon central on November 24, 2021 to SWA would receive payment equating to sixteen hours of pay or thirteen trips for pay ("TFP"), had an adverse and disproportionate impact on them because of their inability to take the COVID-19 vaccine due to their sincerely held religious beliefs.

280.   The Title VII Plaintiffs are informed and believe and thereon allege that SWA's COVID-19 Trip Pull Policy, in which the Title VII Plaintiffs with sincerely held religious beliefs were removed from upcoming trips without pay and were not permitted to pick up additional trips for pay, had an adverse and disproportionate impact on them because of their religion.

281.   Defendant's Vaccination Pay Program was neither manifestly job-related nor consistent with business necessity.

282.   Defendant's Trip Pull Policy was neither manifestly job-related nor consistent with business necessity.

283.   Less discriminatory alternatives existed to achieve Defendant's stated business purposes such as Defendant's Work-Related Close-Contact and Quarantine Pay Program.

284.   As a direct, legal and proximate result of the discrimination, the Title VII Plaintiffs have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

285.   Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to the Title VII Plaintiffs' right to be free from discrimination based on religion.

286.   The Title VII Plaintiffs are entitled to their reasonable attorneys' fees and costs of suit.

## COUNT V:
## DISPARATE TREATMENT IN VIOLATION OF
## THE ADA

287.   The ADA Plaintiffs hereby readopt, reallege, and incorporate the allegations set forth in Paragraphs 1-220 and 234-246, above.

288.    The ADA Plaintiffs were qualified individuals who could perform the essential functions of their positions either with or without a reasonable accommodation.

289.    The ADA Plaintiffs are either disabled or perceived as disabled by Defendant.  The ADA Plaintiffs are thus within a protected class under the ADA.

290.    At all times material hereto, the ADA Plaintiffs with medical/disability statuses were employees of SWA.

291.    During their employment with SWA, the ADA Plaintiffs were subjected to discrimination by Defendant, deprived employment opportunities, deprived of income opportunities, and were treated differently than SWA employees who did not have medical/disability statuses which prevented them from getting the COVID-19 vaccine.

292.    As a direct, legal and proximate result of the discrimination, the ADA Plaintiffs have sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendant's actions, the ADA Plaintiffs have suffered emotional distress, resulting in damages in an amount to be proven at trial.

293.    The ADA Plaintiffs further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

294.    Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to the ADA Plaintiffs' right to be free from discrimination based on medical/disability status.

295.    The ADA Plaintiffs are entitled to reasonable attorneys' fees and costs of suit.

## COUNT VI:
## FAILURE TO ACCOMMODATE IN VIOLATION OF
## THE ADA

296.    The ADA Plaintiffs hereby readopt, reallege, and incorporate the allegations set forth in Paragraphs 1-220 and 234-295, above.

297.    The ADA Plaintiffs were each qualified individuals with disabilities who could perform the essential functions of their jobs either with or without a reasonable accommodation.

298.    Due to their disabilities, the ADA Plaintiffs either sought exemption from SWA's COVID-19 vaccine mandate or objected to discriminatory behavior based upon their disability.

299.    Although the ADA Plaintiffs who requested an exemption had them granted, SWA unilaterally imposed an alleged accommodation on all ADA Plaintiffs with disabilities in the form of removing Plaintiffs from their flights

without pay and limiting their ability to schedule themselves for new trips without engaging in an interactive process.

300.    Defendant unlawfully deemed the ADA Plaintiffs and other similarly situated individuals as not qualified for their positions because they were not vaccinated from COVID-19.

301.    Defendant had a duty to assist the ADA Plaintiffs and other similarly situated individuals in seeking accommodation for those with disabilities from a SWA policy which infringed upon the terms and conditions of their employment and prevented them from working.

302.    Defendant, by its failure to assist the ADA Plaintiffs, and similarly situated employees who sought exemption from the COVID-19 vaccine mandate, with accommodations which would allow them to work despite their disabilities, resulted in the ADA Plaintiffs being unlawfully denied accommodations.

303.    As a direct, legal and proximate result of the discrimination, the ADA Plaintiffs have sustained, and will continue to sustain, economic damages to be proven at trial.

304.    As a result of Defendant's actions, the ADA Plaintiffs have suffered emotional distress, resulting in damages in an amount to be proven at trial.

305.    The ADA Plaintiffs further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

306.    Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to the ADA Plaintiffs' right to be free from discrimination based on medical disability/status.

307.    The ADA Plaintiffs are entitled to reasonable attorneys' fees and costs of suit.

## COUNT VII:
## RETALIATION IN VIOLATION OF
## THE ADA

308.    The ADA Plaintiffs hereby readopt, reallege, and incorporate the allegations set forth in Paragraphs 1-220 and 234-307, above.

309.    The ADA Plaintiffs engaged in statutorily protected conduct under the ADA.

310.    Specifically, the ADA Plaintiffs opposed or objected to SWA's COVID-19 policies and practices which discriminated against them because of their disabilities or perceived disabilities.

311.    The ADA Plaintiffs engaged in statutorily protected activity by requesting accommodation/exemption from the COVID-19 vaccine due to their medical disabilities/statuses.

312.    Subsequent to engaging in protected activity, the ADA Plaintiffs were subjected to materially adverse action by SWA, as described above, in retaliation.

313.    Moreover, the ADA Plaintiffs opposed the materially adverse action they suffered and, after doing so, Defendant, in retaliation, subjected them to further materially adverse, as described above, in further retaliation.

314.    The ADA Plaintiffs suffered materially adverse actions of a type that would dissuade a reasonable employee from engaging in statutorily protected activity.

315.    As a direct, legal and proximate result of Defendant's retaliation, the ADA Plaintiffs have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

316.    The ADA Plaintiffs further seek compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

317.    The ADA Plaintiffs are entitled to their reasonable attorneys' fees and costs of suit.

## COUNT VIII:
## DISPARATE IMPACT IN VIOLATION OF
## THE ADA

318.   The ADA Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1-220 and 308-317, above.

319.   The ADA Plaintiffs are informed and believe and thereon allege that SWA's COVID-19 Vaccination Pay Program, in which all SWA employees who became fully vaccinated against COVID-19 and then informed SWA of their personal and intimate medical/disability status by submitting proof of their vaccination status by noon central on November 24, 2021 to SWA would receive payment equating to sixteen hours of pay or thirteen trips for pay (TFP), had an adverse and disproportionate impact on them because of their medical disability/status.

320.   The ADA Plaintiffs are informed and believe and thereon allege that SWA's COVID-19 Trip Pull Policy, in which the ADA Plaintiffs with medical/disability status were removed from upcoming trips without pay and were not permitted to pick up additional trips for pay, had an adverse and disproportionate impact on them because of their medical disability/status.

321.   Defendant's Vaccination Pay Program was neither manifestly job-related nor consistent with business necessity.

322.   Defendant's Trip Pull Policy was neither manifestly job-related nor consistent with business necessity.

323.   Less discriminatory alternatives existed to achieve Defendant's stated business purposes such as Defendant's Work-Related Close-Contact and Quarantine Pay Program.

324.   As a direct, legal and proximate result of the discrimination, the ADA Plaintiffs have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

325.   Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to the ADA Plaintiffs' right to be free from discrimination based on medical disability/status.

326.   The ADA Plaintiffs are entitled to their reasonable attorneys' fees and costs of suit.

## COUNT IX:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

327.   Plaintiffs hereby readopt, reallege, and incorporate the allegations set forth in Paragraphs 1-326, above.

328.   Defendant's conduct in coercing those with sincerely held religious beliefs or medical disability/statuses that prevent them receiving the COVID-19 vaccine into receiving the COVID-19 vaccine was intentional or reckless; that is, it

intended its behavior when it knew or should have known that emotional distress of the Plaintiffs would likely result.

329.   Defendant's conduct in exerting pressuring over employees with sincerely held religious beliefs or medical disability/statuses that prohibit them from getting the COVID-19 vaccine to get the vaccine under threat of being forced on unpaid quarantine leave; the inability to pick up additional trips; the possibility of being stranded hundreds of miles away from home in a remote city without warning; the possibility of being forced to quarantine in a hotel room without the ability to leave; and losing out on applicable incentive or holiday pay was intentional or reckless; that is; it intended its behavior when it knew or should have known that emotional distress of the Plaintiffs would likely result.

330.   Defendant's conduct in offering payment equating to sixteen hours of pay or TFP to SWA employees who became fully vaccinated against COVID-19 and then informed SWA of their personal and intimate medical/disability status by submitting proof of their vaccination status by noon central on November 24, 2021 was intentional or reckless. Defendant intended their behavior when they knew or should have known that emotional distress of the Plaintiffs would likely result.

331.    Defendant's conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community.

332.    Defendant's actions caused the Plaintiffs emotional distress.

333.    The emotional distress suffered by Plaintiffs was severe.

334.    As a direct, legal and proximate result of Defendants' conduct, Plaintiffs have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

## DECLARATORY RELIEF ALLEGATIONS

335.    A present and actual controversy exists between Plaintiffs and Defendant concerning their rights and respective duties. Plaintiffs contend that Defendant violated their rights under Title VII and the ADA.

336.    Plaintiffs are informed and believe and thereon allege that the Defendant denies these allegations. Declaratory relief is therefore necessary and appropriate.

337.    Plaintiffs seek a judicial declaration of the rights and duties of the respective parties.

## INJUNCTIVE RELIEF ALLEGATIONS

338.    No plain, adequate, or complete remedy at law is available to

Plaintiffs to redress the wrongs addressed herein.

339.    If this Court does not grant the injunctive relief sought herein, Plaintiffs will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

340.    That this Court certify this action as a class action under Federal Rules of Civil Procedure 23(a) and (b).

341.    For a declaration that Defendant's actions, policies, and practices as alleged herein are unlawful;

342.    For lost wages and all other compensation denied to or lost by Plaintiffs due to Defendant's unlawful actions and discriminatory policies and practices, in an amount to be proven at trial;

343.    For compensatory damages for Plaintiffs' emotional pain and suffering, in an amount to be proven at trial;

344.    For punitive damages in an amount to be determined at trial;

345.    For interest on lost wages, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation;

346.    Reinstatement and/or compensatory damages for all employees who retired early or separated in lieu of dismissal, as a result of SWA's discriminatory

policies.

347.  For reasonable attorneys' fees and costs of suit;

348.  For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 11th day of April, 2023.

Respectfully submitted,

*s/ Nathan McCoy*
Nathan McCoy, Esq.
Florida Bar No. 676101
Molly Mullen
Florida Bar No. 1038812
Karina McMahon
Florida Bar No. 107121
WILSON MCCOY, P.A.
Point 100 Building,
100 E. Sybelia Ave, Ste. 205
Maitland, Florida 32751
Telephone: (407) 803-5400
Facsimile: (407) 803-4617
E-Mail:
nmccoy@wilsonmccoylaw.com
mmullen@wilsonmccoylaw.com
kmcmahon@wilsonmccoylaw.com

**ATTORNEYS FOR PLAINTIFFS**